HALL, Chief Judge.
After the defendant, Lenrenzo A. Veal, was charged by grand jury indictment with second degree murder in violation of LSA-R.S. 14:30.1, he entered into a plea bargain agreement pursuant to which he would plead guilty to a charge of manslaughter in violation of LSA-R.S. 14:31. Before accepting the guilty plea, the district court advised the defendant that he would be sentenced to a term of imprisonment of 14 years at hard labor, 7 years of which would be without benefit of parole, probation, or suspension of sentence pursuant to LSA-C. Cr.P. Art. 893.1 and LSA-R.S. 14:95.2. Defense counsel affirmatively stated that he had no objection to the 14 year term but that the plea of guilty would be entered with reservation of the right to appeal the legality and constitutionality of the application of the two firearm penalty enhancement statutes so as to make part of the sentence without benefit of parole, probation, or suspension of sentence. With that reservation the guilty plea was entered and the sentence imposed.
Defendant appealed, filing the following assignments of error:
.1. The trial court erred in ruling that LSA-R.S. 14:95.2 and LSA-C.Cr.P. Art. 893.1 must be applied and that seven (7) years of the fourteen (14) year hard labor sentence for Manslaughter, LSA-R.S. 14:31, must thus be served without benefit of parole and suspension of sentence.
2. The trial court erred in sentencing the defendant to fourteen (14) years at hard labor, seven (7) years without benefit of parole and suspension of sentence, in that such sentence is excessive in violation of La. Const., Art. I, Sec. 20.
While this appeal was pending, the Louisiana Supreme Court decided a series of eight cases dealing with the firearm penalty enhancement statutes. State v. Jackson, 480 So.2d 263 (La.1985); State v. Hogan, 480 So.2d 288 (La.1985); State v. Barberousse, 480 So.2d 273 (La.1985); State v. Harris, 480 So.2d 281 (La.1985); State v. *606 Delcambre, 480 So.2d 294 (La.1985); State v. Kennedy, 480 So.2d 299 (La.1985); State v. Blache, 480 So.2d 304 (La.1985); and State v. Street, 480 So.2d 309 (La.1985).
In Jackson, the court held that since LSA-R.S. 14:95.2 defines criminal activity and provides for an independent or supplemental penalty, it must be charged by bill of information or indictment which is the prescribed method for informing an accused of a criminal charge. The court held that this decision will apply to all of the consolidated cases decided on the same date and all cases which are still subject to direct review by the court, i.e. convictions which have not become final upon first appellate review.
The amended bill of information filed against defendant does not charge him with a violation of LSA-R.S. 14:95.2 and his conviction has not yet become final upon first appellate review. Therefore, LSA-R.S. 14:95.2 may not be applied to this defendant and to the extent that the sentence imposed purports to apply LSA-R.S. 14:95.2 the sentence must be set aside.
The Supreme Court also held in State v. Jackson that LSA-C.Cr.P. Art. 893.1 does not define a crime and does not prescribe a penalty, but rather places a limit on the sentencing judge’s discretion in felony situations where a firearm is used. Therefore, it is not necessary that the defendant be charged with a violation of this statute by bill of information or indictment in order to be exposed to its application. However, the district attorney must provide defendant with written pretrial notice of his intent to trigger application of the article and the statute itself requires that the trial judge make a finding that a firearm was used. Because this rule is not constitutionally mandated, it will be applied prospectively only, that is, it is applicable only to cases which are tried after the date of the Jackson decision unless the defendant had no actual knowledge of the impending application of the article and can show that he was prejudiced by lack of notice. See also Hogan, Barberousse, Harris, Delcambre, and Kennedy (supra).
Since defendant’s guilty plea and conviction occurred prior to the December 2, 1985 date of the State v. Jackson decision, the requirement of written pretrial notice is not applicable. Defendant had actual knowledge of the impending application of LSA-C.Cr.P. Art. 893.1 as acknowledged by his counsel at the guilty plea and sentencing hearing and through the specific advice of the district court at that hearing prior to accepting the guilty plea. Under these circumstances, there was no prejudice to the defendant and Article 893.1 could be applied in sentencing the defendant.
The transcript of the sentencing hearing discloses that the state expressly took no position on the sentence to be imposed and that the district court felt compelled by the mandatory language of both firearm penalty enhancement statutes to apply them in sentencing the defendant. In State v. Coleman, 465 So.2d 709 (La.1985) the Supreme Court held that the language of the statutes “is not intended to authorize a court to correct a district attorney in the exercise of his constitutional and statutory discretion to proceed under a particular provision when an offender’s conduct is criminal according to several statutes or to selectively enforce enhancement statutes.” And in State v. Jackson, supra, the court held that “the statutory provisions ‘shall serve’ (14:95.2) and ‘shall impose’ (Art. 893.1) are neither self-operative nor imperative absent the district attorney’s charging the defendant with the use of a firearm or timely moving for enhancement of the sentence.”
The district court was not, therefore, mandatorily required to apply either of the firearm penalty enhancement statutes absent initiating action by the district attorney. Whether the district court in the exercise of its discretion would have applied either statute cannot be determined. For this reason, the district court should be afforded the opportunity to exercise its discretion as to the application of that article to the defendant’s sentence.
*607 Defendant contends that the penalty enhancement statutes are unconstitutional and that the sentence imposed, applying the statutes so as to make seven years of the sentence without benefit of parole, probation, or suspension of sentence, is unconstitutionally excessive. The constitutionality of the statutes was upheld in Jackson and other cases. The fourteen year sentence, even with a portion thereof to be served without benefit of parole, probation, or suspension of sentence, is commensurate with the crime committed, is not a needless imposition of pain and suffering, and is not unconstitutionally excessive.
The sentence is set aside and the case is remanded to the district court for resen-tencing. The term of the new sentence may not exceed 14 years. LSA-R.S. 14:95.2 may not be applied. LSA-C.Cr.P. Art. 893.1 may or may not be applied in the discretion of the district court.
SENTENCE SET ASIDE AND REMANDED.
SEXTON, J., concurs with written reasons.