496 So.2d 301 (1986)
STATE of Louisiana
v.
Clyde ALLEN.
No. 85-K-2304.
Supreme Court of Louisiana.
October 20, 1986.
Richard Goorley, Richard E. Hiller, Shreveport, for applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Scott Crichton, Ansel Stroud, Asst. Dist. Attys., for respondent.
LEMMON, Justice.
The principal issue in this case involves the application of La.C.Cr.P. Art. 893.1.[1] *302 We granted certiorari to determine whether Article 893.1's prohibition of eligibility for parole is applicable only to the minimum sentence mandated by the article or applicable to the entire sentence selected by the trial judge within the range of his sentencing discretion. We left this issue open in our decision in State v. Jackson, 480 So.2d 263 (La.1985).[2] Thereafter, we granted certiorari in State v. Shows, 488 So.2d 992 (La.1986), to resolve the issue, but that case was decided without reaching the question. We also do not reach the issue in the present case, because we have decided to accord limited retroactivity to our holding in Jackson that Article 893.1 cannot be utilized by a trial judge when the prosecutor has failed to notify the defendant prior to trial of his intention to seek enhancement of the penalty by application of the statute.
Defendant was convicted after a jury trial of attempted first degree murder. The sentencing judge, on his own motion and without any request from the prosecutor or any prior notice by the prosecutor to the defendant of the intended application of the enhancement provisions of Article 893.-1, sentenced defendant to the maximum sentence of fifty years at hard labor, specifying that the defendant would "not be eligible for probation or parole, all as set forth in Article 893.1 of the Code of Criminal Procedure".
The court of appeal affirmed the conviction and sentence. 478 So.2d 589. Commenting on the issue of the prohibition of eligibility for parole as to the entire fifty year sentence and citing State v. McKnight, 446 So.2d 915 (La.App. 1st Cir.1984), the intermediate court noted that other decisions had approved sentences in which the trial judge imposed the prohibition only on the mandatory minimum portion of the sentence, but held that the article does not prevent the judge from imposing the prohibition on the entire sentence chosen within the statutory range. We granted certiorari, limited to a review of the issues pertaining to the sentence. 491 So.2d 12.
This court first interpreted Article 893.1 in State v. Coleman, 465 So.2d 709 (La.1985). There, after the defendant had been convicted and sentenced and after execution of his sentence had begun, the prosecutor moved the trial court to amend the sentence by application of Article 893.1 (and La.R.S. 14:95.2). The trial court increased the sentence on the basis that the original one was an illegal sentence which could be corrected at any time. This court ultimately reversed and reinstated the original sentence, concluding that the original sentence was a legal one which comported with and was based upon a valid statute, bill of information and verdict. Because the original sentence was legal, La.C.Cr.P. Art. 881 precluded the trial court from modifying it after execution had begun. We noted that a prosecutor's failure to seek enhancement under a separate statute, whether conscious or inadvertent, does not invalidate an indictment, verdict or sentence which is based on the statute the defendant is convicted of violating. We further observed that a prosecutor has the constitutional and statutory discretion to proceed only under one particular provision in a case in which several statutes are applicable to the offender's conduct, just as he may charge the defendant with a lesser grade of an offense, and the trial court *303 may not look behind that exercise of discretion.
In State v. Jackson, supra, this court addressed generally the provisions of Article 893.1 and La.R.S. 14:95.2. The prosecutor in that case also had not charged or otherwise notified the defendant prior to trial of his intent to enhance the penalty by application of the firearms statutes. However, the trial judge at sentencing adverted to the statutes and specifically applied both.
As to La.R.S. 14:95.2, we took cognizance of the facts that this statute appears in the Criminal Code, defines a criminal activity (use of a gun in the commission of certain enumerated felonies), and provides a supplemental penalty. Because due process principles require that the accused must be informed that he is being charged with a criminal activity which may result in imprisonment, we concluded that the additional penalty could not be applied unless the statute was charged in the bill of information or indictment. Since the decision was based on constitutional principles, it was made retroactive, but its applicability was limited to those cases still subject to review on direct appeal at the time of rendition.
As to Article 893.1, we noted that the article appears in the sentencing section of the Code of Criminal Procedure and is a sentencing statute which merely limits sentencing discretion under certain circumstances. We concluded that the statute need not be charged in the bill of information or indictment, as required for La.R.S. 14:95.2, but that the district attorney must notify the defendant in writing prior to trial of his intent "to invoke Art. 893.1 by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony". Id. at 271. Further concluding that this rule was not compelled by constitutional due process considerations, but rather was prompted by the "need to respect both the judge's impartial role and the district attorney's constitutional right to control every prosecution in his district", we made the rule prospective only, except in cases of particular prejudice caused by the lack of pretrial notice. Id. at 271. Thus, the Jackson decision extended the Coleman holding to prohibit a trial judge from applying Article 893.1 when the prosecutor does not notify the defendant in advance of trial of his intention to seek application of the statute, but did so only prospectively.
Our determination in Jackson that the requirement of pretrial notice of the prosecutor's intent to invoke Article 893.1 is only to be applied prospectively would seem to preclude defendant's urging the lack of notice in this case, which was tried before the Jackson decision was rendered. However, in State v. Shows, supra, this court applied Jackson retroactively, although the lack of notice did not create any actual prejudice which was the basis for retroactive application in Jackson.[3] We held in Shows that the prosecutor had sole authority to decide when to invoke Article 893.1, but we did not expressly modify the Jackson holding on retroactivity. Perhaps Shows impliedly overruled Jackson on the retroactivity issue. Or perhaps the Jackson and Shows decisions can be reconciled on the theory that Jackson was based on notice requirements mandated by the federal and state constitutions and Shows was based on state constitutional provisions vesting sole authority in the district attorney to decide whether to invoke Article 893.1. We now explicitly reconsider the pronouncement on retroactivity in Jackson and conclude that due process notice considerations *304 do indeed form the basis for the requirement that the prosecutor notify the defendant a reasonable period of time in advance of trial of his intention to seek enhancement of the sentence by application of Article 893.1.
When the applicability of a sentencing enhancement statute (Article 893.1 in this case) depends upon a finding, based on evidence presented at trial, that a firearm was used in the commission of a crime and the defendant's sentence may be substantially increased as a result of the application of the statute, the due process clauses of the federal and state constitutions mandate that the defendant be notified, in advance of the trial at which evidence of this factual issue is to be presented, of the importance of rebutting such evidence (use of a firearm), even though the evidence is not necessary to prove an essential element of the charged crime.[4] The serious consequences of the finding based on this evidence (even if the judge makes the finding in post-trial proceedings) trigger the requirements of notice at a meaningful time and of an opportunity to be heard on the issue.
Because the requirement of pretrial notice pronounced in Jackson as a prerequisite to the application of Article 893.1 was indeed dictated by these constitutional principles, the Jackson rule is entitled to at least limited retroactivity.[5] We accordingly expressly overrule that portion of the Jackson decision pertaining to retroactivity which conflicts with Shows and with our decision in the present case.
Since both the requirement of pretrial notice of the prosecutor's intent to invoke Article 893.1 and the requirement of the exercise of the prosecutorical perogative in the decision to invoke Article 893.1 are based on constitutional principles, both warrant limited retroactive application. The sentence imposed by the trial court in the present case was still subject to review on direct appeal at the time the Jackson and Shows decisions were rendered, and the requirements of those decisions are applicable to this sentence.
Accordingly, the sentence is amended to delete the provision that the sentence be served without benefit of parole. As amended, the sentence is affirmed.
WATSON J., concurs and assigns reasons.
CALOGERO, J., dissents and assigns reasons.
COLE, J., dissents for reasons assigned by CALOGERO, J.
WATSON, Justice, concurring.
State v. Shows,[1] which held that penalty enhancement for use of a firearm[2] must be *305 sought by the prosecutor before being applied by the trial court, does not conflict with State v. Jackson,[3] which held that penalty enhancement cannot be invoked absent written notice to an accused in advance of trial.
I respectfully concur in the result.
CALOGERO, Justice, dissenting.
State v. Jackson, 405 So.2d 263 (La.1985), should not be overruled. In that case, for clarity and for more certain and fair administration of criminal procedure, we decided, for prospective application only, that:
An accused is entitled to know in advance of trial by receipt of a written notice from the prosecutor that the state intends to invoke art. 893.1 by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony. Absent such pre-trial notice, the penalty enhancement provision contained in art. 893.1 shall not be applied.
Id. at 271.
We specifically concluded
that this pre-trial written notice from the district attorney that the state intends to invoke art. 893.1, discussed at some length in the preceding paragraphs, is not compelled by a need to vindicate the sixth amendment's right to be informed of the nature and cause of an accusation nor by the fourteenth amendment's due process clause.
Id.
I would continue to apply the Jackson requirement of a pre-trial written notice that the state intends to invoke 893.1, only prospectively, from the date of rendition of the Jackson opinion. I would not, as the majority does here, apply that requirement retroactively. We should address the question we have now twice pretermitted and which prompted the granting of this writ, that is, whether art. 893.1's prohibition of eligibility for parole is applicable only to the minimum sentence mandated by this article or applicable to the entire sentence imposed by the judge.
NOTES
[1] Article 893.1 provides:

"When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
"(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
"(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
"Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole."
[2] See footnotes 3 and 11 of the Jackson decision.
[3] In Jackson, the defendant was charged with second degree murder, and the trial judge ruled on preliminary examination that there was probable cause only for a charge of manslaughter. The defendant virtually pleaded guilty to manslaughter by stipulating in the subsequent bench trial to the prosecutor's evidence from the earlier hearing without presenting evidence of his own, although there appeared to be substantial possibility of a self-defense acquittal or a conviction of a lesser responsive offense. This court recognized that the defendant's strategy might have been different if he had been notified of the forthcoming invocation of Article 893.1, with a potential sentence of five to twenty-one years, all without benefit of probation or parole.
[4] In McMillan v. Pennsylvania, ___U.S.___, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the United States Supreme Court considered a statute which provided a minimum sentence when a person commits an ennumerated crime while visibly possessing a firearm. (The statute contained a requirement of notice prior to the hearing which determined the applicability of the provision.) The Court held that visible possession of a firearm was not an essential element of the crime, but rather was a sentencing factor which comes into play only upon conviction of the charged crime by limiting the sentencing judge's discretion.
[5] The author of this opinion notes that the Jackson rule of pretrial notice as a prerequisite to the application of La.R.S. 14:95.2 (not at issue in this case) may be entitled to full retroactivity. We concluded in Jackson that Section 95.2 defines a criminal activity which may result in imprisonment and that the defendant must be informed that he is being accused of that activity and must be given an opportunity to defend against that accusation. When a rule based on constitutional principles (such as the rule we formulated in Jackson pertaining to Section 95.2) is adopted by the court for the purpose of promoting the truth-finding function of a trial, the rule is generally given complete retroactive application. Furthermore, if the use of a firearm in the commission of the enumerated felonies is an essential element of the criminal activity defined in Section 95.2, the defendant is also entitled to a jury trial on the issue.
[1] 488 So.2d 992 (La.,1986).
[2] LSA-C.Cr.P. art. 893.1.
[3] 480 So.2d 263 (La.,1985).