PER CURIAM.
The defendant, Garland Rogers, was charged by bill of information with aggravated battery in violation of LSA-R.S. 14:34. Defendant waived his right to a jury trial and the trial judge found him guilty as charged. The trial judge made a finding that the offense was committed with a firearm and sentenced defendant to serve five years without benefit of parole, probation or suspension of sentence pursuant to LSA-C.Cr.P. art. 893.1. Defendant appeals his conviction and sentence urging this court to review the record for errors patent. We affirm the conviction, reverse defendant’s sentence and remand the case for resentencing.

Facts

On the evening of January 13, 1985, defendant and Ruby Morgan went to the Cross Lake Bar, in Caddo Parish, Louisi *1078 ana. Ruby’s sister, Ms. Scott, was also at Cross Lake Bar with two of her friends, Ruthie Hicks and Eula Brooks.
While inside the bar, defendant began to argue with Ruby and Ruby decided to terminate her evening with the defendant and leave the bar with her sister, Ruthie Hicks and Eula Brooks who were going to get something to eat. While outside the bar, defendant attempted to prevent Ruby from leaving with her sister by firing a pistol in the air and over their heads. At this point, Ruby turned from the vehicle in which her sister was to ride and commenced to walk toward defendant’s vehicle. The defendant approached the vehicle occupied by Ms. Scott, Ruthie Hicks and Eula Brooks. Defendant began to argue with Ms. Scott and subsequently shot her in the right arm. Ms. Scott was taken to LSU Medical Center and treated.
In his sole assignment of error, defendant urges this court to review the record for errors patent.
LSA-C.Cr.P. art. 920 provides:
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
An illegal sentence is an error discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence. State v. Jones, 447 So.2d 1050 (La.1984).
In the instant case, the trial judge felt compelled to enhance defendant’s sentence under the provisions of LSA-C.Cr.P. art. 893.1 because of his factual finding that defendant used a firearm on committing the offense.[1]
In State v. Jackson, 480 So.2d 263 (La. 1985), the supreme court held that an accused is entitled to pretrial written notice from the prosecutor of the state’s intent to invoke the provisions of art. 893.1 by calling upon the trial judge to make a finding that a firearm was used in the commission of the charged felony. The court further held that if this pretrial notice is not given, the enhancement provisions contained in art. 893.1 shall not be applied. The supreme court further held this rule is only applicable to cases tried after the date of the opinion, December 2, 1985, with only one exception which is inapplicable here. See also State v. Harris, 480 So.2d 281 (La.1985).
The instant case was tried on February 5, 1986, and the pretrial notice rule required to activate the application of 893.1 as mandated by State v. Jackson, supra, therefore, applies. Our review of the record shows no pretrial notice of the state’s intent to invoke the provisions of art. 893.1 was given to the defendant. The trial judge, therefore, was in error in enhancing defendant’s sentence pursuant to art. 893.1.
We find no other errors patent.
For the foregoing reasons, defendant's conviction is affirmed, but his sentence is reversed and the case remanded for resen-tencing in accordance with law.
AFFIRMED; SENTENCE REVERSED; REMANDED FOR RESENTENCING.

. LSA-C.Cr.P. art. 893.1 provides:
“When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.”