BARRY, Judge.
The defendant was charged with aggravated battery and convicted of second degree battery. La.R.S. 14:34.1. He was sentenced to four years at hard labor after which the court invoked La.R.S. 14:95.2 to add two years to the sentence. The two year sentence is to run consecutively without benefit of parole, probation, suspension of sentence or credit for good time.
The victim, Winfield Barnes, testified that he attended a softball game and a post-game party on April 14, 1986. On his way home the defendant (an acquaintance) yelled at Barnes to stop and after a brief verbal exchange shot him in the hip.
The defendant’s one assignment of error relates to the trial court’s imposition of the additional sentence under La.R.S. 14:95.2 because no bill of information as to that crime was filed by the State.[1]
La.R.S. 14:95.2 provides:
A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
A defendant must be charged in the bill of information or indictment with firearm use or more specifically a violation of La.R.S. 14:95.2. State v. Jackson, 480 So.2d 263 (La.1985), overruled on other grounds, State v. Allen, 496 So.2d 301 (La. 1986). See also State v. Moore, 488 So.2d 987 (La.1986).
*794 This bill of information does not mention La.R.S. 14:95.2 or the State’s intent to enhance under that statute. The defendant could not be sentenced under La.R.S. 14:95.2, which the State concedes in brief.
We have reviewed the record for errors patent and there are none.
The conviction is affirmed. The sentence is reversed and this case remanded for resentencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE REVERSED; REMANDED FOR RESENTENCING

. We note the defendant correctly argues that second degree battery is not included under La.R.S. 14:95.2.