PER CURIAM.
Johnny M. Bryant, age 22, was charged by amended bill of information with one count of armed robbery, LSA-R.S. 14:64, and one count of attempted second degree *717 murder, LSA-R.S. 14:27, 30.1. After plea negotiations, Bryant entered guilty pleas to both charges with the understanding that his sentencing range would be seven to 35 years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery charge and seven to 50 years on the attempted second degree murder charge.[1] The sentences were to be concurrent and the state recommended the maximum on both counts. The state also agreed to drop a charge of simple kidnapping arising from the same incident. The trial court accepted the guilty plea after an extensive Boykin[2] examination and ordered a presentence investigation. Bryant received 30 years at hard labor without benefit of parole, probation or suspension of sentence on the armed robbery charge and 40 years at hard labor, seven without benefit, on the attempted second degree murder charge. These sentences were ordered to be served concurrently. The kidnapping charges were dropped.
Bryant now appeals, urging the sentence was excessive under the facts and circumstances of the case. He also claims the sentencing judge erroneously based his sentencing choice on incorrect and unsubstantiated allegations in the PSI. For the reasons expressed, we amend and affirm.
Ordinarily a claim of excessiveness is two-tiered, urging first noncompliance with the sentencing guidelines of LSA-C. Cr.P. art. 894.1. However, Bryant has not advanced this argument. The sentencing hearing shows that the judge stated the factual basis and enumerated every statutory factor, providing a thoughtful, well-reasoned explanation of each. Because of the judge’s careful adherence to the provisions of the article, noncompliance is not an issue in the case.
The second tier is constitutional exces-siveness, whereby a sentence may be deemed excessive if it is grossly out of proportion to the severity of the offense or amounts to nothing more than needless and purposeless imposition of pain and suffering. LSA-Const. art. 1 § 20; State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The complaining witness was a 26-year old lady who was returning to her car in the parking lot of Mall St. Vincent. The defendant approached her, brandished a .22 caliber pistol, forced her into the car and took the keys from her. He got behind the wheel and was driving east on St. Vincent Avenue when the victim began to struggle with him. Bryant pointed the pistol at her and fired four shots at close range. She was struck three times in the upper torso and once in the head. Despite her numerous wounds, the victim was able to open the passenger door and escape by falling from the moving car and landing on the pavement. Bryant drove a short distance, abandoned the car and fled the scene. He retreated to the Chapman Street apartments where he made inculpatory statements to several people. He was apprehended about a week later in Gram-bling.
In sentencing Bryant, the judge began by noting the mitigating factors. Bryant was young, had two small children he was supporting, and was up on his first serious offense and first conviction. By contrast, the aggravating factors were overwhelming. The judge characterized Bryant’s conduct as “almost the most extreme you could have.” He noted that the legislature, by attaching such a severe penalty to armed robbery, anticipated precisely the sequence of events that evolved in this case, culminating in a serious injury or killing. Bryant argues on appeal that the victim recovered from the attack and has resumed *718 a normal life. This is true, but it strains credulity to argue that the mere happenstance that saved her from death or permanent disability should be considered as a “mitigating factor.” The judge did not abuse his discretion in finding Bryant’s conduct to be most serious.
The judge also noted the benefit Bryant received from the plea bargain. While the negotiated maximum on the attempted second degree murder charge was not any different from the statutory penalty,[3] the range on the armed robbery was roughly one-third of the statutory maximum. The dropped charge of kidnapping was also a benefit. The effect of a plea bargain is a valid factor bearing on constitutional exces-siveness. State v. Smack, 425 So.2d 737 (La.1983). We cannot say the judge was in error to consider it in meting out a sentence near the maximum.
The judge discounted Bryant’s claim of remorse over the incident. Before the matter was to be tried, Bryant wrote a letter to one of the people to whom he had admitted his guilt shortly after the crime. He begged the recipient, a potential witness, not to accept service of any subpoena; without the subpoena, he urged, she need not appear and testify against him. The judge found this conduct less indicative of remorse than of an effort to “look out for number one” and evade responsibility for his acts. The judge was unimpressed by this posture of contrition, and we think the conclusion is a fair one.
Finally, the judge cited evidence of Bryant’s tendency toward violent behavior. In addition to the instant offense, there were two prior charges of burglary, as well as allegations of family discord that blossomed into violent confrontations. This is consistent with the violent nature exhibited in the charged offense and supports the judge’s conclusion that Bryant is in need of correctional treatment that can be provided most effectively by commitment to an institution.
In sum, the sentencing judge did not abuse his discretion in imposing this sentence on this defendant. State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Square, 433 So.2d 104 (La.1983). This assignment lacks merit.
By his second assignment, Bryant claims the sentencing judge erroneously relied on inaccuracies in the PSI. He has submitted his own affidavit in an effort to contradict the PSI. However, a claim contesting the accuracy of the PSI must be raised before sentencing, not on appeal. State v. Helsley, 457 So.2d 707 (La.App. 2d Cir.1984), and citations therein. The lack of a contemporaneous objection and ruling thereon leaves nothing in the official record to substantiate this belated claim. LSA-C. Cr.P. art. 841. The PSI was made available to Bryant’s attorney for review and an opportunity was afforded him at the sentencing hearing to object to any inaccuracies contained therein. In response, Bryant’s attorney specifically stated that he had no comments on the PSI. R. p. 161. The proper vehicle for raising this issue would be an action for postconviction relief. We would note, however, that given all the other circumstances of this offense, any error arising from the PSI, if proven, would probably be harmless. This assignment lacks merit.
Finally, we are authorized to examine the record for errors patent. LSA-C. Cr.P. art. 920. On the charge of attempted second degree murder, the sentence of 40 years includes seven without benefit of parole, probation or suspension of sentence. However, the applicable penalty provision, LSA-R.S. 14:27 D(l), does not impose a minimum term without benefit. Of the two possible sentence enhancements for use of a firearm, LSA-R.S. 14:95.2 was specifically disclaimed by the prosecutor, R. p. 156, and LSA-C.Cr.P. art. 893.1 was not activated by the written notice requirement of *719 State v. Jackson, 480 So.2d 263 (La.1985).[4] The sentence imposed is therefore illegally excessive to the extent that any portion of it is imposed without benefit. Although an amendment to this sentence will have little effect in light of the concurrent sentence of 30 years completely without benefit for armed robbery, in the interest of full compliance with the statutory penal provisions we will amend the attempted second degree murder sentence.
DECREE
FOR REASONS ASSIGNED, the defendant, JOHNNY M. BRYANT, is sentenced for armed robbery to be confined at hard labor for thirty (30) years, without benefit of parole, probation or suspension of sentence; and is sentenced for attempted second degree murder to be confined at hard labor for forty (40) years; said sentences to be served concurrently with each other, with credit for time served.
In all other respects, Bryant’s conviction and sentence are affirmed.
AMENDED AND AFFIRMED.

. The judge apparently thought seven of these years must be served without benefit. R. p. 164. This was not clear from the Boykin examination. R. p. 146-147. See fn. 3, infra.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The court minutes indicate that this hearing, like the sentencing, was conducted by the Hon. Eugene Bryson Jr.; however, the Boykin transcript is labeled as having been conducted by the Hon. Charles R. Scott. This is probably a typographical error on the part of the court reporter; apparently Judge Bryson presided.

. When Bryant entered his guilty plea, the prosecutor stated that the attempted murder charge would be subject to a minimum term of seven years. R. p. 146-147. When the judge imposed sentence, he made seven of the 40 years without benefit. R. p. 173-174. Insofar as this sentence is partly without benefit, it is apparently excessive. See the discussion, infra.

. Bryant’s guilty plea was accepted after the effective date of State v. Jackson so the substantive rule announced in that case must be applied. State v. Delcambre, 480 So.2d 294 (La.1985); State v. Veal, 490 So.2d 604 (La.App. 2d Cir.1986).