ARMSTRONG, Judge.
The defendant, Mark McKnight, was charged by a bill of information with committing an aggravated battery, a violation of LSA-R.S. 14:34. Immediately prior to trial the State filed a “Motion For The Imposition of Additional Penalties For Use of a Firearm During the Commission of an Aggravated Battery Upon One Michael Vacca, In Accordance With Revised Statute 14:95.2 and C.Cr.P. Art. 893.1”. Trial was held and McKnight was found guilty as charged by a six person jury. He was sentenced to serve five years at hard labor without benefit of parole, probation or suspension of sentence pursuant to LSA-C. Cr.P. Art. 893.1. Additionally, pursuant to LSA-R.S. 14:95.2, the trial court imposed two years at bard labor without benefit of parole, probation or suspension of sentence and without credit for good time. The sentences were to run consecutively.
The record reflects that in the early evening of February 17, 1986, the defendant and Michael “Wilbur” Vacca argued. Previously Michael Vacca had parked his motorcycle in the yard of the defendant’s home. Sometime in January, 1986, the bike was stolen. The defendant and Vacca, who were drinking at a bar near the Fairgrounds on Gentilly Boulevard, argued about the motorcycle. Vacca accused the defendant of knowing who stole his bike. The argument continued outside the bar. Several people were outside of the bar at the time and realized the two were arguing. The defendant and witnesses for the defendant testified that Vacca threatened to kill the defendant, tried to choke him and pushed him against a wall. After the argument, Vacca re-entered the bar, sat on a bar stool and ordered a beer. A witness, Terry Walker, who lived above the bar observed the two men arguing. He saw the defendant go to his house across the street from the bar and return with a gun. He heard a shot and saw the defendant exit the bar. The defendant told Walker that he had just shot Vacca.
Inside the bar, prior to the shooting, Vac-ca had ordered a beer. Several minutes after the argument, while Vacca was sitting on a stool next to Eric Husted drinking a beer, the defendant entered the bar with a gun and yelled “Hey Bitch” and shot him in the left side. The victim fell into Eric Husted’s arms. Other patrons and two bartenders witnessed the shooting and testified about the incident.
After the shooting, the defendant left the bar. The police were summoned and after hearing the witnesses’ stories started across the street to the defendant’s home. The defendant met the officers crossing the street, admitted shooting the victim, and voluntarily offered to give the police the gun which he used. The defendant went to his home, retrieved the weapon and surrendered it to the police. The victim was severely injured and he was taken to Charity Hospital in critical condition. After emergency surgery, the victim remained in the intensive care unit for ten days and remained in the hospital for approximately one month. He suffered permanent injury as the bullet struck the main vein in the abdomen causing blood circula *8 tion problems. The victim testified that he didn’t really remember the events of the day. He just knew that the defendant shot him.
The defendant, his mother and brother and other witnesses at or near the bar testified for the defendant. The defendant admitted shooting the victim but stated he did so to protect himself.
A review of the record reflects that there are no errors patent.
On appeal defendant asserts one assignment of error.
By that assignment of error defendant contends that the trial court erred in sentencing him pursuant to R.S. 14:95.2 and C.Cr.P. Art. 893.1. With regard to the additional two year sentence imposed by the trial court pursuant to R.S. 14:95.2, the defendant argues that the State must charge the relator with violating R.S. 14:95.2 and the bill of information does not charge the defendant with violating the statute. The State argues that because the bill charges the defendant with committing an aggravated battery “with a dangerous weapon, to wit a gun” the defendant was given sufficient notice of the sentencing provisions of R.S. 14:95.2.
It is well settled that to afford the defendant fair notice, a charge of violating LSA-R.S. 14:95.2 must be included in a bill of information or indictment. State v. Harris, 480 So.2d 281 (La.1985).
In State v. Jackson, 480 So.2d 263, 268-269 (La.1985), overruled on other grounds by State v. Allen, 496 So.2d 301 (La.1986), the Louisiana Supreme Court, after discussing the nature of the “crime” defined in R.S. 14:95.2, held that:
The prescribed method in Louisiana for informing an accused of a criminal charge, in this instance § 14:95.2, is inclusion in a bill of information or indictment. In this case the defendant Jackson was not charged with firearm use, or, more specifically, violation of § 14:95.2. Nor did the jury convict him of same. Accordingly he may not be sentenced to the additional two years at hard labor under the provisions of § 14:95.2. We overrule our earlier decision in State v. Roussel, 424 So.2d 226 (La.1983), which held, to the contrary, that an accused need not be charged under § 14:95.2. Our decision that it is imperative that § 14:95.2 be charged, shall be applied in this case, the other consolidated cases being decided today, and in all cases which are still subject to direct review by this court, that is, convictions which have not become final upon first appellate review.
See also State v. Moore, 488 So.2d 987 (La.1986). In State v. Oliver Jarreau, 511 So.2d 792 (La.App. 4th Cir.1987) this court concluded in a similar situation:
This bill of information does not mention R.S. 14:95.2 or the State’s intent to enhance under that statute. The defendant could not be sentenced under R.S. 14:95.-2.
Because the bill of information in this case fails to charge defendant with firearm use under R.S. 14:95.2, the sentencing provisions of that statute may not be invoked.
The defendant was also sentenced to serve five years at hard labor “without benefit of parole, probation or suspension of sentence” under the provisions of C.Cr. P. Art. 893.1. In State v. Allen, supra at 303 the Louisiana Supreme Court held:
As to Article 893.1, we noted that the article appears in the sentencing section of the Code of Criminal Procedure and is a sentencing statute which merely limits sentencing discretion under certain circumstances. We concluded that the statute need not be charged in the bill of information or indictment, as required for La.R.S. 14:95.2, but that the district attorney must notify the defendant in writing prior to trial of his intent to invoke Art. 893.1 by calling on the trial judge prior to sentencing to make a finding that firearm was used in the Citing Jackson, supra at 271. (Emphasis added).
In the instant matter, prior to the commencement of trial the State filed a “Motion For the Imposition of Additional Penalties For Use of a Firearm During The Commission Of An Aggravated Battery Upon One Michael Vacca, In Accordance With Revised Statute 14:95.2 and C.Cr.P. Art. 893.1”. As previously mentioned, a *9 violation of R.S. 14:95.2 must be charged by bill of information. However, this motion filed prior to trial, fulfills the requirements set forth in Allen, supra for invoking the sentencing provisions of C.Cr.P. Art. 893.1. The defendant argues that because this motion was made immediately prior to commencement of trial, he was not notified within a reasonable time in advance of trial. The holding in Allen merely requires that written notice be given prior to trial. Accordingly, defendant’s claim that the trial court erred in sentencing him pursuant to C.Cr.P. Art. 898.1 is without merit.
For the foregoing reasons the defendant’s conviction is affirmed but his sentence is amended to delete that portion which imposes an additional two years pursuant to R.S. 14:95.2.
AFFIRMED IN PART
AMENDED IN PART.
BARRY, J., concurs.