GUIDRY, Judge.
On September 19, 1984, defendant, John L. Boyd, Sr., was convicted of attempted manslaughter, a violation of La.R.S. 14:27 and 14:31. He was sentenced to serve seven years at hard labor without benefit of parole, probation or suspension of sentence. The sentence was imposed pursuant to La.R.S. 14:27 and 14:31, La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2. There was no pretrial notice to the defendant that Article 893.1 would be invoked and there was no formal charge by indictment or information under R.S. 14:95.2. Subsequently, following appeal, this court, while affirming defendant’s conviction, vacated the sentence imposed under authority of State v. Jackson, 480 So.2d 263 (La.1985), and State v. Allen, 496 So.2d 301 (La.1986), and remanded this matter to the trial court for resentencing. See State v. Boyd, 503 So.2d 747 (La.App. 3rd Cir.1987).
On April 22, 1987, defendant was resen-tenced to nine years at hard labor, subject to commutation as may be allowed by law and with credit for time served. On appeal, pursuant to North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), this court vacated the nine year sentence and again remanded the matter to the trial court for resentencing. See State v. Boyd, 525 So.2d 42 (La.App. 3rd Cir.1988).
On April 21, 1988, defendant was resen-tenced to a term of seven years at hard labor, subject to any commutation allowed by law, and with credit for time served. Defendant was, at that time, already on parole.
Defendant appeals the last resentencing contending that the trial court erred in imposing a sentence of seven years at hard labor. He urges that the sentence is excessive and in violation of the express language of Pearce, supra, and the express language of the two prior decisions of this court. We disagree and affirm.
Defendant contends that his original sentence was of five years, pursuant to La. R.S. 14:27 and La.R.S. 14:31 as enhanced by La.C.Cr.P. art. 893.1 (which requires that five years of the sentence imposed be served without benefit of parole, probation or suspension of sentence) and an additional two years, pursuant to La.R.S. 14:95.2 (which is to be served consecutively and without benefit of parole, probation, suspension of sentence or credit for good time). Accordingly, defendant argues that, under our two previous decisions and the rationale in Pearce, supra, the two year additional sentence, imposed pursuant to La.R.S. 14.95.2, should be completely deleted and the trial court on second remand should have imposed a sentence of five years with benefit of parole, probation or suspension of sentence.
The original sentence in this case was imposed by the trial court prior to the rendition of our Supreme Court’s decisions in Jackson and Allen, however, such pronouncements were made directly applicable *738 to this case since it was still subject to review on direct appeal. Prior to Jackson and Allen the Supreme Court had not considered the issue as to whether the two firearm use penalty enhancement statutes were self-operative or whether notice to an accused must precede the application thereof. In this case, the trial judge’s sentencing colloquy reflects clearly that he felt such statutes were self-operative. In sentencing the defendant, the trial judge made the following statement:
“Now, under the prevailing interpretations of this law, you could get a maximum of twelve and a half years without any parole. Under all the circumstances of your case, and considering the requirements of these special laws that relate to firearms, I have concluded that I will impose the minimum sentence that is required by the law, as I understand the present law to be, and that's going to be a total of seven years.
But for the reasons that I have stated, there is no authority on the part of this Court to impose a lesser sentence, but since the sentence is one without parole, I believe that the minimum sentence is adequate....”
Although the trial judge, considering the later pronouncements in Jackson and Allen, was in error as to the minimum sentence which was required under the circumstances which prevailed, the above excerpt makes clear that he fully intended to sentence the defendant to seven years at hard labor. It is likewise clear that he considered that the sentence would have to be served without benefit of parole and for that reason he considered it was adequate.
The trial court did not violate Pearce in imposing a seven year sentence upon defendant in the third sentencing. Here, defendant was originally sentenced to seven years at hard labor without benefit of parole, probation or suspension of sentence. He has now been sentenced to seven years with benefit. It can hardly be said that this sentence is more severe. Likewise, the trial judge has not sentenced the defendant contrary to any pronouncements in our earlier opinions.
For these reasons, the sentence imposed is affirmed.
AFFIRMED.
KING, J., dissents for written reasons assigned.