| iBARRY, Judge,
dissenting with reasons.
Testimony and evidence of insanity or mental defect at the time of the offense is inadmissible when a defendant is tried on a “not guilty” plea rather than a plea of insanity. La.C.Cr.P. art. 651. The defendant in this matter does not claim amnesia “at the time of the offense;” rather, he claims that he is unable to recall the incident and cannot assist his defense.
State v. Roussel can be distinguished and was overruled on other grounds. Roussel took the stand on his own behalf and defense counsel questioned him about his state of mind at the time of the offense. The state objected to testimony by the defendant or psychiatrist as to a mental defect at the time of the offense because the defendant pled not guilty rather than insanity. The defense argued the testimony was not offered to show reduced capacity, but to enhance his credibility. The Supreme Court rejected that argument and considered “that the admission of such evidence would be accepted either as a complete defense or for the purpose of negating specific intent and reducing the degree of the crime_” Roussel at 230.
The dissent in Roussel stated amnesia does not exist “at the time of the offense” and testimony of a defendant’s present inability to recall the event is not prohibited by Art. 651. The dissent noted that the defendant sought to admit the testimony to support his claim that he could not remember, rather than to negate his intent at the time of the offense.
In this case the defendant did not offer Dr. Franklin’s testimony to prove his ^mental *395 state at the time of the crime. It is undisputed that the defendant’s injury (inflicted by the victim during the offense) caused his amnesia. Unlike Roussel, the doctor’s testimony that the defendant cannot now recall the incident cannot be a complete defense.
Roussel was overruled on other grounds. See State v. Jackson, 480 So.2d 263, 268 (La.1985), overruled in part on other grounds by State v. Allen, 496 So.2d 301, 304 (La.1986). The state and defense cite Roussel without noting it was overruled.
In addition to holding that expert testimony is inadmissible absent an insanity defense, Roussel held that the state need not charge a defendant under former La.R.S. 14:95.2 to impose an additional penalty for use of a firearm under that statute.
State v. Jackson reconsidered that holding and held that an accused must be charged under former R.S. 14:95.2:
We overrule our earlier decision in State v. Roussel, 424 So.2d 226 (La.1983), which held, to the contrary, that an accused need not be charged under § 14:95.2.
Jackson further held that a defendant is entitled to pre-trial notice that the state intends to invoke the penalty enhancement provision of La.C.Cr.P. art. 893.1 (relative to firearm sentencing) but that rule was prospective only.
In State v. Allen, 496 So.2d 301 (La.1986), the Supreme Court reconsidered its position on the prospective application of the Jackson rale pertaining to pretrial notice for Art. 893.1 and held:
(T)he Jackson rale is entitled to at least limited retroactivity. We accordingly expressly overrule that portion of the Jackson decision pertaining to retroactivity which conflicts with [State v.] Shows [, 488 So.2d 992 (La.1986) ] and with our decision in the present case.
State v. Allen, 496 So.2d at 302.
Thus, Roussel is arguably valid insofar as it pertains to admissibility oflatestimony concerning the defendant’s mental defect at the time of the offense.
I agree with the dissent in Roussel that testimony about a defendant’s ability to recall an incident should be admissible, although testimony of a mental defect “at the time of the offense” is inadmissible under La.C.Cr.P. art. 651. To the extent that Roussel’s statement on testimony concerning the defendant’s mental defect is valid, Roussel can be distinguished.
The defendant was prejudiced by the ruling which excluded Dr. Franklin’s testimony.