PAUL A. BONIN, Judge.
| j Keelan Sneed, who was convicted by a jury of the attempted manslaughter of Marcus Alexander, was sentenced under the provisions of La.C.Cr.P. art. 893.3 to seven years at hard labor without the benefit of parole, probation, or suspension of sentence. Because Mr. Sneed did not assign any error respecting his conviction and because we have detected no errors patent, we affirm his conviction. See La. C.Cr.P. art. 920.
Mr. Sneed does assign as error, however, the trial judge’s sentencing him under the provisions of Article 893.3 because the prosecution filed the notice required under *851 La.C.Cr.P. art. 89B.1 too late and, in the alternative, because the sentence was -without the benefit of parole. We agree with Mr. Sneed that the prosecution’s notice to him under Article 893.1 was too late and that, accordingly, the trial judge was without authority to invoke the sentencing enhancements of Article 893.3. We thus vacate the sentence imposed and remand for re-sentencing of Mr. Sneed under La. R.S. 14:27 D(3) and 31 B.[1]
j2We explain our decision in greater detail below.
I
Article 893.3 provides for escalating sentencing enhancements depending upon the kind of offense committed with a firearm and whether the firearm was actually possessed; actually used; actually discharged; and, if actually used or discharged, caused harm. But “[i]f the district attorney intends to move for imposition of sentence under the provisions of Article 893.3, he shall file a motion within a reasonable period of time prior to commencement of the trial of the felony or specifically enumerated misdemeanor in which the firearm was used.” La.C.Cr.P. art. 893.1 A (emphasis added). Here, the prosecutor filed the motion immediately before jury voir dire commenced.[2]
A
We have already held that a notice to invoke the firearm sentencing enhancement was untimely when filed “immediately prior to jury selection” as that was not “a reasonable period of time prior to commencement of trial.” State v. Heck, 560 So.2d 611, 618 (La.App. 4th Cir.1990).
In Heck, the defendant’s offense occurred prior to the 1988 amendment that rewrote Article 893.1 to include the notice provision and the requirement that notice be given within a reasonable period of time prior to the commencement of trial.[3] The court determined that the amendment to La.C.Cr.P. art. 893.1 was procedural in nature, and thus applied to the defendant’s trial which occurred three weeks after the amendment took effect.
JaP
The prosecution urges us not to follow our own more recent and controlling precedent in this matter. It points us to our decision in State v. McKnight, 518 So.2d 6 (La.App. 4th Cir.1987). There, a written notice was also filed just prior to the commencement of trial and we held it to be sufficient. Notably, however, at the time of the trial in McKnight, the firearm sentencing enhancement provision was contained only in La.C.Cr.P. art. 893.1, and it did not include any provision that the State must give notice of its intent to invoke the enhanced sentencing provision prior to the commencement of trial.
The prosecution also urges us to adopt the holding in State v. King, 563 So.2d 449, 458 (La.App. 1st Cir.1990). There, the First Circuit reached a different conclusion than we did in Heck, holding that notice filed the day before jury selection began was timely. The court there noted that there had never been any doubt that a gun *852 was used in the commission of the offense. Because the only issue was whether or not the shooting was a murder, manslaughter, or committed in self-defense, the court concluded that there was no need for “a more advanced notice of the State’s intention to seek enhancement under former Article 893.1.” King, 563 So.2d at 458. King relied on State v. Allen, 496 So.2d 301 (La.1986), in which the court held that its prior decision in State v. Jackson, 480 So.2d 263 (La.1985), was only entitled to limited retroactivity because the need for notice was based on due process. In Jackson, the Supreme Court held only that the State must provide a defendant with written notice prior to trial of its intent to seek an enhanced penalty under Article 893.1. But, as we noted, before the 1988 |4amendment, no notice requirement was included in La.C.Cr.P. art. 893.1. In neither Jackson nor Allen did the Supreme Court set out any particular time period in advance of trial that notice must be given, stating only that the notice must be in “advance of trial” and “pre-trial.” Jackson, 480 So.2d at 271.
The legislature in its amendment to Article 893.1, however, did not adopt the Jackson language. The legislature chose to use the language “within a reasonable period of time prior to commencement of trial” rather than simply state that written notice must be filed before trial. It appears that the legislature was concerned that it satisfy any Due Process considerations by inserting the phrase “reasonable period of time prior to commencement” of the trial, rather than the less precise “pretrial” language.
Thus, we conclude that the 1988 amendment rejected the notion that so long as the notice is given pre-trial it would be sufficient in all cases to trigger the enhancing penalties. While what constitutes a reasonable period of time prior to trial may well vary given the circumstances of any specific case, we are satisfied with the bright line rule of Heck that notice filed just prior to jury selection was not filed within “a reasonable period of time” prior to the trial starting.
II
Although it appears that the notice in this case was not timely filed, the prosecution argues that lack of timely notice should not act as a bar per se to the invocation of Article 893.3 because there was no real issue as to the use of a firearm in this case. Again, we find that Heck itself answers this point. There also was no issue regarding the use of a firearm; the victim in Heck was killed by a shotgun blast fired through a door by the defendant. Ms. Heck said that the shooting was an accident, claiming she was seated with the shotgun in her lap with | Bthe intent of scaring the victim, with whom she had argued earlier in the day, when he returned home. Ms. Heck stated that she was unfamiliar with the weapon and that it fired accidentally; she denied knowing that the defendant was outside the front door. She was found guilty as charged of second degree murder, but the trial court reduced the verdict to manslaughter. Interestingly, because she was charged with second degree murder, if the jury verdict had not been disturbed, she would have faced a mandatory sentence of life imprisonment at hard labor without the benefit of parole. The firearm enhancement provisions would have been superfluous; it was only because the conviction was reduced to manslaughter that the provisions of La.C.Cr.P. art. 893.1 were imposed.
Moreover, to accept the prosecution’s argument that there was no real issue involving the discharge of the firearm and the ensuing bodily injury would negate Mr. Sneed’s plea of not guilty. See La.C.Cr.P. *853 art. 804 A(l) (“A person accused of crime is presumed by law to be innocent until each element of the crime, necessary to constitute his guilt, is proven beyond a reasonable doubt”).
CONCLUSION
By waiting until the day of the commencement of trial to file its motion under Article 893.1, the prosecution was too late to invoke the sentence-enhancing provisions of Article 893.3.
DECREE
The conviction of Keelan Sneed is affirmed. The sentence of seven years at hard labor without the benefit of parole, probation, or suspension of sentence, which was imposed upon him, is vacated. The matter is remanded to the district court for re-sentencing under the controlling provisions of La. R.S. 14:27 D(3) and 31 B.
CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED

. Because we grant relief to Mr. Sneed under his first assignment of error, we pretermit consideration of his second assignment.

. Mr. Sneed filed a written opposition to the motion after the verdict.

.In the 1988 legislative action, Acts 1988, No. 319, La.C.Cr.P. arts. 893.2 and 893.3 were added to the code; in those provisions the specific enhanced penalties are set out. Previously, the penalties were included in Article 893.1 itself, which did not include any specific notice requirement when originally enacted in 1981.