STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-435


STATE OF LOUISIANA

VERSUS

DAVID BOURG

**********
APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2014-2706
HONORABLE H. WARD FONTENOT, DISTRICT JUDGE

**********
ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
Marc T. Amy, Judges.

AMY, J., concurs in the result and assigns reasons.

CONVICTION AFFIRMED;
REMANDED FOR RESENTENCING.

Herbert Todd Nesom
District Attorney – 33rd Judicial District
Joe Green
Assistant District Attorney – 33rd Judicial District
P. O. Box 839
Oberlin, LA 70655
Telephone: (337) 639-2641
COUNSEL FOR:
        Plaintiff/Appellee – State of Louisiana

Chad M. Ikerd
Louisiana Appellate Project
P. O. Box 2125
Lafayette, LA 70502
Telephone: (225) 806-2930
COUNSEL FOR:
        Defendant/Appellant – David Bourg

**THIBODEAUX, Chief Judge.**

David Bourg was convicted of manslaughter and appeals the trial court's judgment sentencing him under the firearm enhancement statutes, La.Code Crim.P. arts. 891.1-893.3. He also appeals this court's ruling in a previous writ application which reversed the trial court's favorable ruling on Defendant's motion for a new trial. Our previous ruling is not clear error. Thus, it is law of the case and will not be reconsidered. Thus, the conviction is affirmed. However, because we find a sentencing error in the trial court's application of the firearm enhancement provision, we remand Mr. Bourg to the trial court for resentencing.

I.

## ISSUES

We must decide:

(1)  whether Mr. Bourg has shown clear error in this court's previous ruling; and

(2)  whether the trial court erred in applying the firearm enhancement when sentencing Mr. Bourg.

II.

## FACTS AND PROCEDURAL HISTORY

"On June 1, 2014, David Bourg drove Michael Pitre home from target practice. While parked in front of Pitre's mother's house, Bourg shot Pitre in the head with Bourg's nine millimeter Ruger handgun, killing Pitre. Pitre did not have a gun." *State v. Bourg*, 16-915, p. 1 (La.App. 3 Cir. 6/21/17), 223 So.3d 26, 28, *writ denied*, 17-1504 (La. 11/17/17), 229 So.3d 932. David Bourg was charged by bill of indictment with committing the second degree murder of Michael Pitre, in

violation of La.R.S. 14:30.1. Mr. Bourg was convicted of the responsive verdict of manslaughter, pursuant to La.R.S. 14:31, by an eleven-to-one jury.

Mr. Bourg filed a "Motion for New Trial and/or Motion for Post-Verdict Judgment Granting Acquittal." The trial court denied the motion for post-verdict judgment of acquittal, but granted the new trial motion stating that "it is the conclusion of the Court that the verdict is contrary to the law and the evidence." The State sought a review by this court of the trial court's granting of a new trial. Following oral argument, this court reversed the trial court's ruling and remanded the case for sentencing in accordance with the jury's manslaughter verdict under La.R.S. 14:31. *See Bourg*, 223 So.3d 26. Mr. Bourg's motion for rehearing was denied, as was his writ application to the supreme court.

Upon remand, the trial court held a sentencing hearing and sentenced Mr. Bourg to twenty years at hard labor without benefit of probation, parole, or suspension of sentence. Mr. Bourg now appeals his conviction and sentence, raising two assignments of error: (1) that this court committed legal error when it reviewed and reversed the trial court's granting of his motion for new trial; and (2) that the trial court erred in applying a firearm enhancement statute when the State did not give pre-trial notice that it was seeking enhancement. For the reasons discussed below, we affirm Mr. Bourg's conviction and remand the case for resentencing, with instructions to the district court not to apply the firearm enhancement to Mr. Bourg's sentence.

## LAW AND DISCUSSION

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent involving the sentence imposed. Because Mr. Bourg raised the error patent as an assignment of error in his supplemental brief to this court, we will discuss it more fully below in the section covering assignment of error number two.

### *Assignment of Error No. 1*

Mr. Bourg contends that this court's "previous writ-panel [sic] decision in this case was legally in error and should not stand as the law of the case." Mr. Bourg further contends that "[t]he panel's decision should be reversed and the trial court's ruling granting a new trial should be reinstated." The State contends that this court's prior ruling was correct. We find that the law of the case doctrine applies in this case, and we affirm Mr. Bourg's conviction.

### *Law of the Case Doctrine*

In *State v. Dickerson*, 14-170, pp. 9-10 (La.App. 3 Cir. 6/4/14), 140 So.3d 904, 909-10, *writ denied*, 14-1466 (La. 3/13/15), 161 So.3d 638, this court stated the following regarding the "law of the case" doctrine:

> Under the "law of the case" doctrine, prior decisions of the appellate court are considered binding and may not be reconsidered on appeal absent clear error. *Juneau v. State*, 06-1653 (La.App. 3 Cir. 5/2/07), 956 So.2d 728, *writ denied*, 07-1177 (La.9/14/07), 963 So.2d 1004; *State v. Molineux*, 11-275 (La.App. 4 Cir. 10/19/11), 76 So.3d 617, *writ denied*, 11-2556 (La.3/30/12), 85 So.3d 117. "[T]he [law of the case] doctrine is *discretionary* and should not be applied where it would effectuate an obvious injustice or where the former

appellate decision was clearly erroneous." *Juneau*, 956 So.2d at 733 (quoting *Trans La. Gas Co. v. La. Ins. Guar. Ass'n*, 96-1477 (La.App. 1 Cir. 5/9/97), 693 So.2d 893, 896) (alternations in original).

. . . .

As this honorable court has already ruled on the issue of whether Defendant is entitled to discover the identities of the informants, it may not be reconsidered on appeal absent clear error by the appellate court. Defendant has failed to present any new evidence showing that the denial amounted to clear error or an unjust result. As such, we shall not reconsider Defendant's right to discover the identity of the informants on appeal.

While Mr. Bourg contends that this court's prior ruling was legally in error, Mr. Bourg's argument is the same argument presented to this court prior to the writ ruling, and in his denied motion for rehearing, and in his denied writ application to the supreme court. Accordingly, as Mr. Bourg has failed to present any new argument showing that this court's ruling in docket number 16-915 amounted to clear error, we find that the "law of the case" doctrine does apply in this case, and we decline to reconsider our prior ruling.

*Assignment of Error No. 2—Error Patent*

Mr. Bourg alleges that the trial court erroneously applied the firearm sentencing enhancement set forth in La.Code Crim.P. arts. 893.1-893.3 to his sentence because the State did not give notice of its intent to invoke such enhancement. Applying the firearm enhancement set forth in Articles 893.1-893.3 led the trial court to believe that a twenty-year minimum sentence was required and that the denial of parole was required. While conducting an errors patent review, we found that the trial court enhanced Mr. Bourg's sentence pursuant to La.Code Crim.P. art. 893.3 without any notation in the record that the State filed a notice of its intent to request such enhancement.

4

Accordingly, we sent an information request to the district court's clerk of court, who in turn submitted an affidavit stating that "no motion invoking the firearm sentencing enhancement provision pursuant to La.Code Crim.P. Arts. 893.1 through 893.3 has been filed by the state . . . ." While Mr. Bourg did not initially raise this assignment of error in his original brief, he apparently realized the error upon receiving notice of the affidavit from the district court's clerk of court. Mr. Bourg then filed a supplemental brief to include the assignment of error on the firearm enhancement.

As asserted by Mr. Bourg, the trial court erroneously applied the firearm sentencing enhancement provision set forth in La.Code Crim.P. art. 893.3(E) since no written notice to invoke such enhancement was filed by the State. The supreme court has held that absent pre-trial written notice by the State that it intends to invoke the sentencing enhancement provision, pursuant to La.Code Crim.P. art. 893.1, the trial court shall not apply such firearm enhancement provision. *State v. Jackson*, 480 So.2d 263 (La.1985), *overruled on other grounds by State v. Allen*, 496 So.2d 301 (La.1986), *and overruled on other grounds by State v. Sanders*, 523 So.2d 209 (La.1988). After *Jackson*, the legislature amended La.Code Crim.P. art. 893.1 to codify the notice requirement, and it enacted La.Code Crim.P. arts. 893.2 and 893.3 to set forth the procedure that must be followed in order to apply the enhancement. Louisiana Code of Criminal Procedure Article 893.1 provides:

> A. If the district attorney intends to move for imposition of sentence under the provisions of Article 893.3, he shall file a motion within a reasonable period of time prior to commencement of trial of the felony or specifically enumerated misdemeanor in which the firearm was used.

B. The motion shall contain a plain, concise, and definite written statement of the essential facts constituting the basis for the motion and shall specify the provisions of this Chapter under which the district attorney intends to proceed.

Here, in light of *Jackson* and La.Code Crim.P. art. 893.1, the present trial court was not authorized to apply the firearm sentencing enhancement to Mr. Bourg's sentence since no written notice was filed by the State.

Mr. Bourg failed to object to this error and has not challenged the excessiveness of his sentence on appeal. Nonetheless, as Mr. Bourg notes in his supplemental brief, the second circuit has recognized this error as an error patent. *See State v. Scott*, 50,080 (La.App. 2 Cir. 8/12/15), 174 So.3d 728; *State v. Rogers*, 503 So.2d 1077 (La.App. 2 Cir. 1987); and *State v. Bryant*, 514 So.2d 716 (La.App. 2 Cir. 1987). Similarly, this circuit has likewise recognized an error patent in a trial court's application of the firearm sentencing enhancement provided for in La.R.S. 14:64.3. *State v. Ramsdell*, 09-1510 (La.App. 3 Cir. 10/6/10), 47 So.3d 78. Although *Ramsdell* involved a different firearm enhancement provision from the provision at issue in the present case, the following discussion is illustrative:

In this case, the State did not cite La.R.S. 14:64.3 nor set forth that the crime of armed robbery was committed with a firearm in the indictment. As noted above, the first and only time enhancing the armed robbery sentence was mentioned was by the trial judge, not the State, during the defendant's post-verdict motion hearing. *Since the trial court cannot trigger enhancement on its own, we find that the trial court lacked authority to impose the enhanced sentence.*

*Id.* at 81 (emphasis added).

Considering the above cases, we agree with Mr. Bourg that the trial court committed an error patent by applying the firearm sentencing enhancement

provision set forth in La.Code Crim.P. art. 893.3 without any notification by the State. Even though the term of imprisonment imposed by the trial court in the present case (twenty years) is within the legal range for manslaughter (zero to forty years), the trial court's erroneous application of this enhancement resulted in the trial court's having wrongly believed that a *minimum* sentence of twenty years was required and wrongly believed that the sentence must be imposed without benefit of parole. La.Code Crim.P. art. 893.3(E).[1] Thus, we must vacate the sentence imposed and remand the case to the trial court for resentencing without the application of the firearm enhancement provided for in La.Code Crim.P. arts. 893.1-893.3. *See Scott*, 174 So.3d 728, *and Rogers*, 503 So.2d 1077.

IV.

## CONCLUSION

Based upon the foregoing, under the "law of the case" doctrine, Mr. Bourg's conviction is affirmed. Mr. Bourg's sentence, however, is vacated, and the case is remanded for resentencing without application of the firearm sentencing enhancement provided for in La.Code Crim.P. arts. 893.1-893.3.

**CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.**

---

[1]The trial court stated that in compliance with La.Code Crim.P. art. 893.3, the sentence was imposed without benefit of parole, probation, or suspension of sentence. The trial court should not have applied any of the provisions of Article 893.3 to the present case, including the provision requiring the denial of benefits. In 2014 the penalty provision for manslaughter in La.R.S. 14:31 did not authorize the denial of benefits in this case. However, La.Code Crim.P. art. 893(A) did prohibit suspension of sentence for a crime of violence listed in La.R.S. 14:2(B), which included the crime of manslaughter. Thus, the trial court's imposition of sentence without the benefit of probation or suspension of sentence was required by La.Code Crim.P. art. 893; and, thus, is not considered illegal.

7

NUMBER 18-435

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

DAVID BOURG

AMY, Judge, concurring in the result.

Like the majority, I find it appropriate to affirm the defendant's conviction. I do so upon review of this matter anew pursuant to the defendant's appeal rather than by application of the law of the case doctrine. In this regard, I note that the prior writ decision originated upon application by the State. And, here, the defendant has applied for judicial review of the trial court's ruling pursuant to the right for such review provided by La.Const. art. 1, § 19. Following consideration in that light, I agree that an affirmation of the defendant's conviction is required.

Finally, I join in the majority opinion to the extent it vacates the defendant's sentence and remands for resentencing.