451 So.2d 1 (1984)
STATE of Louisiana
v.
Anthony DAVIS.
No. 83 KA 1194.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*2 Margaret A. Coon, Asst. Dist. Atty., Covington, for plaintiff-appellee.
Anthony Davis, in pro. per.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Defendant, convicted of second degree murder, a violation of La.R.S. 14:30.1, was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant appealed, alleging five assignments of error:
a) denial of a continuance;
b) introduction of evidence in variance from that previously disclosed to defendant;
c) denial of motion for mistrial;
d) sufficiency of evidence;
e) presence of patent error.
We affirm.
Defendant and the victim, after an argument, engaged in two scuffles. After the second, the victim stumbled to a truck holding the left side of his chest and asking to be taken to a hospital because of knife wounds. He was pronounced dead on arrival.
Defendant asserts that the continuance was requested to give the defendant an opportunity to perform tests on evidence and to allow counsel to attend to an out-of-state matter.
The denial of a motion for continuance is not ground for reversal absent an abuse of discretion and a showing of specific prejudice caused by a denial of the motion. State v. Durio, 371 So.2d 1158 (La. 1979); State v. Jones, 395 So.2d 751 (La. 1981).
During the period from arraignment to trial, although the State made the physical evidence available to the defendant for testing, the defendant did not perform any blood-typing tests on the knife, the subject of this dispute. Furthermore, although the motion for the continuance was denied, the defense counsel and the prosecutor agreed to a two-day delay, in which the trial judge acquiesced, and the defendant failed to have the evidence tested during this time period. We find no abuse of discretion on the part of the trial judge and no specific prejudice.
Defendant complains that the court allowed the State to introduce evidence in conflict with that which it had previously disclosed to defendant in discovery. During the trial, the defense counsel's cross examination of the serologist revealed the possibility of new evidence. The State asked to be allowed to perform additional testing, and the defense counsel had no objection. The results of the tests were conveyed to both parties simultaneously. The State provided the defense the opportunity to have an expert present during the testing, which the defense did not take advantage of. Counsel cannot let opportunities pass by and then object when there has been no prejudice to the defendant and no constitutional violation of the defendant's right to a fair trial. State v. Arnaud, 412 So.2d 1013 (La.1982).
The record shows that the admission of the new evidence regarding the blood types did not require the defendant to change his trial strategy. Furthermore, the court granted a four-day recess to enable the defense to redirect its efforts. Therefore, the defendant was afforded an opportunity to review the case and make changes in his defense, if so desired. The defendant had every opportunity to present any exculpatory evidence and the defendant fully cross-examined the serologist called by the State.[1]
Defendant made a motion for mistrial after the new blood-typing evidence was *3 introduced. For the reasons stated above, we find no error in the trial court's action.
The scope of appellate review for the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 422 So.2d 123 (La.1982).
The evidence consisted of the testimony of four eyewitnesses, two experts for the State, and two experts for the defense. Because some of the testimony was conflicting, the jury had to make credibility decisions. We find no error. A rational trier of fact could have found defendant guilty beyond a reasonable doubt, accepting facts most favorable to the State.
Defendant's fifth assignment of error requested that the judgment be reversed if any error patent on the face of the record were found. We find no such error.
In brief, defendant in proper person raises the issue of intoxication as a bar to his specific criminal intent, a required element of second degree murder. Although the State must prove, beyond a reasonable doubt, the essential elements of the crime with which the defendant is charged, intoxication is in the nature of an affirmative defense to a criminal charge and the burden is upon the defendant to prove the existence of that condition at the time of the offense. State v. Gipson, 427 So.2d 1293 (La.App. 2d Cir.1983), State v. Rivers, 444 So.2d 1384 (La.App. 3rd Cir. 1984). We find that defendant has failed to sustain this burden.
For the above reasons, the sentence and conviction are affirmed.
AFFIRMED.
NOTES
[1] State v. Arnaud, 412 So.2d 1013 (La.1982).