PER CURIAM.
We granted certiorari and consolidated this case for argument with State v. Allen, 496 So.2d 301 (La.1986), under the mistaken impression that both cases presented the same issue of whether La.C.Cr.P. Art. 893.1’s prohibition of eligibility for parole applies only to the minimum sentence mandated by the article or may be imposed on the entire sentence selected by the trial judge within the range of his sentencing discretion.[1] We have since determined that the issue is not present in this case, since the trial judge did not prohibit eligibility for parole on that portion of the sentence in excess of the mandatory minimum.
The trial judge did sentence defendant to an additional two years at hard labor, without benefit of parole, on each count under La.R.S. 14:95.2. Since defendant was not charged with violation of La.R.S. 14:95.2, the additional sentence on each count must be vacated. State v. Jackson, 480 So.2d 263 (La.1985). Otherwise, we recall the writ as improvidently granted.

. This issue was not reached in the Allen decision and remains an open question.