563 So.2d 449 (1990)
STATE of Louisiana
v.
Franklin R. KING.
No. KA 89 0949.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*451 Michael Theil, Hammond, for appellant.
Charles V. Genco, Asst. Dist. Atty., Greensburg, for appellee.
Before SAVOIE, LANIER and ALFORD, JJ.
ALFORD, Judge.
The defendant, Franklin R. King, was charged by grand jury indictment with second degree murder, in violation of La.R.S. 14:30.1. He pled not guilty and, after trial by jury, was found guilty, by responsive verdict, of manslaughter, a violation of La. R.S. 14:31. He received a sentence of twenty-one years at hard labor, without *452 benefit of parole, probation, or suspension of sentence. The defendant has appealed, alleging twenty assignments of error, as follows:
1. The trial court erred in denying the defendant's motion to quash.
2. The trial court erred in ruling that the defendant was not entitled to a hearing on his motion to suppress.
3. The trial court erred in denying the defendant's motion to suppress.
4. The trial court erred in admitting into evidence an inculpatory statement made by the defendant to Deputy David Lea.
5. The trial court erred in admitting into evidence an inculpatory statement made by the defendant to Deputy David Lea.
6. The trial court erred in allowing the introduction into evidence of State Exhibits 1 and 10.
7. The trial court erred in refusing to allow the defendant to make a proffer related to the testimony of Deputy David Lea.
8. The trial court erred in allowing the introduction into evidence of State Exhibits 5 and 7.
9. The trial court erred in admitting into evidence an inculpatory statement made by the defendant to the Coroner.
10. The trial court erred in allowing the testimony of Deputy Michael Martin in violation of the witness sequestration order.
11. The trial court erred in allowing the admission into evidence of testimony concerning an argument between the victim and the defendant immediately preceding the shooting because the State did not advise the defendant thereof.
12. The trial court erred in permitting into evidence an inculpatory statement made by the defendant to Sheriff Eugene Holland.
13. The trial court erred in refusing to allow defense witness Earnest Addison to testify.
14. The trial court erred in refusing to allow defense witness Julie Barber to testify.
15. The trial court erred in disallowing testimony of defense witnesses concerning the dangerous character of the victim.
16. The trial court erred in refusing to allow defense witness Cleo Hall to testify.
17. The prosecutor's prejudicial remarks during closing argument constituted reversible error.
18. The trial court erred in denying the defendant's motion to continue the hearing on his motion for post-verdict judgment of acquittal, or in the alternative, a new trial, and in denying said motions.
19. The defendant was denied effective assistance of counsel.
20. The trial court erred in imposing an illegal and excessive sentence.
Assignments of errors numbers 1, 4, 7, 8, 10, 11, 13, 14, 15, 16, and 17 were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.

FACTS
At approximately 2:00 p.m. on December 21, 1985, the defendant shot and killed his wife, Janice King, at their home in St. Helena Parish. The defendant and the victim were undergoing a separation, and the shooting occurred during an argument which resulted when the victim returned to the house to remove some of her belongings. The victim's sister, Barbara Oakley, was inside the house at the time of the shooting. At the trial, she testified that, during the argument, defendant pulled a gun and shot the victim at close range. However, the defendant testified at trial that the victim pulled a gun on him and that she was shot in a struggle for the gun. ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, FIVE, NINE AND TWELVE:
In assignment of error number two, the defendant contends that the trial court *453 erred in denying a pretrial hearing on his motion to suppress three inculpatory statements made shortly after the offense. In assignment of error number three, the defendant contends that the trial court also erred in denying the motion to suppress these statements. Assignments of error numbers five, nine, and twelve address the three inculpatory statements made by the defendant to Deputy David Lea, the Coroner (Dr. L.E. Stringer), and Sheriff Eugene Holland, respectively. In assignments of error numbers five, nine, and twelve, the defendant contends that the trial court erred in allowing these three inculpatory statements to be admitted into evidence at trial without a prior hearing to determine their admissibility. He also contends that the State failed to establish that these three inculpatory statements were freely and voluntarily given after an advice of Miranda rights.
The hearing on the defendant's motion to quash and written motion to suppress inculpatory statements was set for February 1, 1988. On that date, after denying the motion to quash, the trial court then took up the motion to suppress. At this point, the prosecutor advised the defense that a total of three inculpatory statements were made by the defendant, one to Deputy Lea, one to Dr. Stringer, and one to Sheriff Holland. The defense immediately objected on the basis that the prosecutor revealed the existence of the inculpatory statement to Sheriff Holland for the first time. The defendant requested an oral motion to suppress this inculpatory statement on the ground of lack of prior notice. After entertaining argument, the trial court ruled that the prosecution had adequately notified the defense of the inculpatory statements intended for use at trial. The trial court denied the motion to suppress, and in doing so, denied a pretrial hearing on the motion to suppress.
In its brief to this Court, the State contends that the trial court's ruling was based on the fact that the defendant's motion to suppress was not timely filed. From our review of the record, we find some difficulty in understanding the basis for the trial court's ruling. It appears that the trial court was ruling that the State had given sufficient notice to the defense of the three inculpatory statements and, therefore, was denying the defendant's oral motion to suppress. Yet, in fact, the trial court's ruling also denied the written motion to suppress the inculpatory statements made to Deputy Lea and Dr. Stringer, and denied a pretrial hearing on the merits of this motion. In any event, for the reasons which follow, we conclude that each of the three inculpatory statements contested by the defendant was properly admissible at the trial. Therefore, assuming that the trial court erred in denying the hearing on the defendant's motion to suppress, such error was harmless, since the motion to suppress these statements was meritless.
It is well settled that for a confession or inculpatory statement to be admissible into evidence, the State must affirmatively show that it was freely and voluntarily given without influence of fear, duress, intimidation, menace, or promises. La.R.S. 15:451; State v. Knight, 536 So.2d 589 (La.App. 1st Cir.1988). Additionally, the State must show that an accused who makes a statement or confession during custodial interrogation was first advised of his Miranda rights. State v. Washington, 540 So.2d 502 (La.App. 1st Cir.1989). However, in proving an intelligent waiver of the rights to silence, self-incrimination, and counsel, the State need not show that a defendant was aware of the full evidentiary significance of his statements. State v. Warren, 536 So.2d 529 (La.App. 1st Cir. 1988); State v. Williams, 521 So.2d 629 (La.App. 1st Cir.1988).
St. Helena Parish Deputy Sheriff David Lea was the first law enforcement officer to arrive at the scene of the shooting. When he entered the house, he saw the victim lying on the floor. He also noticed a gun on the kitchen table. Because there were children present in the house, Deputy Lea picked up the gun. After learning from the victim's sister, Ms. Oakley, that the victim had been shot, Deputy Lea found the defendant in his bedroom and asked him what had happened. *454 The defendant replied that he had pulled a gun and pointed it, the victim hit it, and it discharged. Upon learning this information, Deputy Lea advised the defendant of his Miranda rights and placed him under arrest. Shortly thereafter, when Sheriff Holland arrived on the scene, Deputy Lea told the defendant to tell Sheriff Holland what the defendant had stated to Deputy Lea. In the presence of Sheriff Holland and Deputy Lea, the defendant said: "Oh God, what in the world have I done?"
Approximately thirty minutes after the shooting occurred, the Coroner, Dr. Stringer, arrived at the scene and began his investigation into the cause of the victim's death. He asked the defendant, who was seated in a car with the deputy, what happened; and the defendant admitted placing a gun in his wife's face and stated that it "went off."
The trial testimony of Deputy Lea, Sheriff Holland, and Dr. Stringer established, beyond a reasonable doubt, that the defendant made these inculpatory statements freely and voluntarily. All three witnesses testified that the defendant was not pressured, coerced, forced, or promised anything before making these inculpatory statements to them. Concerning the statements made to Sheriff Holland and Dr. Stringer, we find that the defendant made these inculpatory statements freely and voluntarily after being advised of his Miranda rights by Deputy Lea. Accordingly, these statements were properly admitted into evidence at the trial.
Concerning the initial inculpatory statement made to Deputy Lea, there is no doubt that the defendant had not been advised of his Miranda rights before making this statement. However, a single, general inquiry made to the defendant at his home during an investigation, and prior to his arrest, does not constitute custodial interrogation. State v. Anderson, 332 So.2d 452 (La.1976). Miranda warnings are not essential prerequisites to non-custodial, general, on-the-scene interrogation to determine facts relating to whether or not a crime has been committed, or by whom, at least absent a showing that the questioning is past such investigatory stage. State v. Brown, 340 So.2d 1306 (La.1976). See also State v. Hodges, 349 So.2d 250 (La. 1977), cert. denied, 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978).
In the instant case, Deputy Lea's testimony clearly indicated that he was the first law enforcement officer to arrive at the scene of the shooting; and his initial question to the defendant was a non-custodial, general, on-the-scene interrogation to determine what had happened. Accordingly, the defendant's inculpatory statement to Deputy Lea was admissible at trial without prior advice of Miranda rights.
For the above reasons, these assignments of error are meritless.
ASSIGNMENT OF ERROR NUMBER SIX:
In this assignment of error, the defendant contends that the trial court erred in allowing the admission into evidence of the gun used to commit the offense, State Exhibit 1, and the bullet which killed the victim, State Exhibit 10. The defendant contends that the State did not make these exhibits available to the defense for inspection before trial in accordance with La.C. Cr.P. art. 718. On this basis, the defendant argues that such a discovery violation should have rendered these exhibits inadmissible at trial.
In our view, there was no discovery violation concerning these exhibits. The State's answer to the defendant's motion for a bill of particulars indicates that the State was in possession of a .38 caliber revolver, four unfired cartridges, and the bullet removed from the victim's head by the Coroner, Dr. L.E. Stringer. The State's amended answer to the defendant's motion for reports of examination and tests and for exculpatory evidence included a copy of the scientific analysis report from the State Police Crime Laboratory, which contained information about ballistics tests performed on the gun and the bullet recovered from the victim's body. We believe the defense could have viewed these exhibits before trial if it had desired to do so.
*455 In any event, the defendant has not alleged, nor could he possibly allege, any prejudice. The defendant was aware that the victim was killed by a single gunshot wound from a pistol. The defense theory of the case was that the victim pulled the gun, pointed it at the defendant, and a struggle ensued during which the victim was shot and killed. The defendant does not allege that some type of examination or test performed on these exhibits by a defense expert would have proved his innocence or disproved the State's theory of the case. Since the defendant was neither surprised nor prejudiced by the introduction into evidence of these exhibits at the trial, any error in failing to provide these exhibits for defense inspection before trial, if any, was harmless. See La.C.Cr.P. art. 921.
For the above reasons, this assignment of error is meritless.

ASSIGNMENTS OF ERROR NUMBERS EIGHTEEN AND NINETEEN:
In assignment of error number eighteen, the defendant contends that the trial court erred in denying a continuance of the hearing on his motion for a post-verdict judgment of acquittal or, in the alternative, a new trial. He also contends that the trial court erred in denying these motions.
In assignment of error number nineteen, the defendant contends that the trial court's refusal to grant a continuance resulted in a denial of effective assistance of counsel at the hearing on his motion for a post-verdict judgment of acquittal or, in the alternative, a new trial.
After trial and before sentencing, the defendant filed a motion for post-verdict judgment of acquittal or, in the alternative, a new trial. The hearing on this motion was scheduled for March 1, 1988. On that date, the defendant appeared in court with a newly retained attorney, Mr. Cuccia, and was granted a continuance to June 13, 1988, to allow newly retained counsel time to prepare for the motion. At the hearing on June 13, 1988, the defendant was in court with another newly retained attorney, Mr. Thiel (who is counsel for defendant on appeal); and Mr. Thiel again requested a continuance for time to prepare for the motion. At this time, since none of the defendant's attorneys had formally withdrawn from the case, the defendant was represented by three attorneys of record (Messrs. Pardue, Cuccia, and Thiel). Mr. Thiel made an oral motion for a continuance. The prosecution objected to the continuance; and the trial court denied the defendant's motion for another continuance. The trial court reviewed a memorandum on the merits of the motion for post-verdict judgment of acquittal or, in the alternative, a new trial, which had been prepared by trial counsel, Mr. Pardue. After reviewing the memorandum, the trial court denied both the motion for post-verdict judgment of acquittal and a new trial.
A continuance is the postponement of a scheduled trial or hearing. La.C. Cr.P. art. 708. Louisiana Code of Criminal Procedure, article 707 requires that a motion for continuance be in writing. An oral motion for a continuance presents nothing for review on appeal. State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983). However, where the occurrences that allegedly make the continuance necessary arose unexpectedly, and the defense had no opportunity to prepare a written motion, an appellate court may review the denial. State v. Spencer, 444 So.2d 354 (La.App. 1st Cir.1983). Whether or not a refusal to grant a continuance was justified depends primarily upon the circumstances of the particular case. State v. Sensley, 460 So.2d 692 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1374 (La.1985). The denial of a motion for continuance is not a ground for reversal of a conviction absent an abuse of discretion and a showing of specific prejudice caused by the denial. State v. Davis, 451 So.2d 1 (La.App. 1st Cir.1984).
The defendant claims that Mr. Cuccia was retained for the purpose of the motion for post-verdict judgment of acquittal or, in the alternative, a new trial. He also claims that Mr. Thiel was retained to contest the State's motion for revocation of post-conviction bail, which was also scheduled for hearing on June 13, 1988. In his brief to this Court, the defendant concedes *456 that his motion for a continuance did not meet the requirements of La.C.Cr.P. art. 707. However, he contends that Mr. Thiel did not have the opportunity to prepare, and timely file, a written motion for a continuance. Nevertheless, at the time of the hearing on June 13, 1988, the defendant was represented by three different attorneys of record. We believe that one of these attorneys could have timely filed a written motion for continuance of the hearing on the defendant's motion for post-verdict judgment of acquittal or, in the alternative, a new trial. Accordingly, we find that the trial court did not err in denying Mr. Thiel's oral request for a continuance.
The defendant also argues that he was denied the right to counsel of his choice at this hearing. A defendant's right to the assistance of counsel is guaranteed by both the federal and state constitutions. U.S. Const. Amendment VI, La. Const. Art. 1, § 13. Further, a defendant's right to counsel of his choice has been implemented by La.C.Cr.P. art. 515, which provides that "[a]ssignment of counsel shall not deprive the defendant of the right to engage other counsel at any stage of the proceedings in substitution of counsel assigned by the court." However, this right cannot be manipulated to obstruct the orderly procedure of the courts and cannot be used to interfere with the fair administration of justice. The defendant must exercise this right to counsel of his choice at a reasonable time, in a reasonable manner, and at an appropriate stage of the proceedings. State v. Seiss, 428 So.2d 444 (La.1983). Therefore, absent a justifiable basis, there is no constitutional right to make a new choice of counsel on the eve of trial with the attendant necessity of a continuance and its disrupting implications. State v. Sensley, 460 So.2d at 699.
The motion for post-verdict judgment of acquittal was based on the alleged insufficiency of the evidence. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La. C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
La.R.S. 14:31 provides, in pertinent part, that a manslaughter is:
A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; ....
The defendant's conviction of manslaughter hinged upon a determination of the credibility of the witnesses. The defendant testified that the victim pointed the gun at him and that she was killed in a struggle for the gun. Both the defendant and a defense witness, Dr. Randolph Howes, testified that the victim's sister, Barbara Oakley, was outside the house at the time of the shooting. However, Ms. Oakley testified that she was inside the house and witnessed the shooting. Ms. Oakley testified that the defendant pulled a gun and shot the victim during an argument over the removal of items from the house. To a large extent, Ms. Oakley's testimony was supported by the testimony of prosecution witnesses Glenn Bardwell and Peter Ventavegna. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38. In this case, the jury resolved the conflicting testimony in favor of the State's witnesses and rejected the defendant's testimony *457 that the shooting resulted from a struggle for the gun. Accordingly, the trial court correctly denied the motion for a post-verdict judgment of acquittal.
The defendant's motion for new trial was based on two grounds. The first ground was that the trial court erred in finding the defendant's three inculpatory statements were admissible at trial. This argument was previously considered under assignments of error numbers 2, 3, 5, 9, and 12 and found to be meritless. The defendant also requested a new trial on the basis that the ends of justice would be served thereby. See La.C.Cr.P. art. 851(5).[1] Neither the record nor the defendant's brief to this Court reveal the specific grounds, if any were urged, in support of the defendant's contention that the ends of justice required the granting of a new trial. We can only presume that, if any specific grounds were urged, they relate to the alleged errors in other assignments of error herein. Having found no merit to the other assignments of error, we conclude that the trial court correctly denied the defendant's motion for new trial on the basis that the ends of justice would be served thereby.
Because we have found that the trial court properly denied the defendant's motion for post-verdict judgment of acquittal or, in the alternative, a new trial, we find that the defendant could not have been prejudiced by the trial court's denial of a continuance of the hearing on the motion even if such denial was erroneous. Moreover, we find the defendant's final argument, that he was denied effective assistance of counsel at the hearing on the motion, to be meritless. The merits of the motion for post-verdict judgment of acquittal or, in the alternative, a new trial, depended upon a review of the evidence, and evidentiary rulings, from the trial. Trial counsel, Mr. Pardue, prepared a memorandum on this motion, which was reviewed by the trial court before its ruling on the merits. Accordingly, we reject the argument that the defendant was denied effective assistance of counsel at the hearing on the motion for post-verdict judgment of acquittal or, in the alternative, a new trial.
For the above reasons, these assignments of error are meritless.

ASSIGNMENT OF ERROR NUMBER TWENTY:
In this assignment of error, the defendant contends that the trial court erred in imposing sentence with denial of benefits of parole, probation, or suspension of sentence, pursuant to the provisions of former La.C.Cr.P. art. 893.1. He also contends that the trial court erred in imposing an excessive sentence.
Former La.C.Cr.P. art. 893.1 provided:[2]
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
The defendant's first argument is that the trial court erred in applying the provisions of former La.C.Cr.P. art. 893.1 to enhance his sentence because he did not receive "reasonable" notice of the State's *458 intention to invoke the enhanced penalty. Due process forms the basis for the requirement that the prosecutor notify the defense a reasonable period of time in advance of trial of the State's intention to seek enhancement of a sentence under La. C.Cr.P. art. 893.1. State v. Allen, 496 So.2d 301 (La.1986). In the instant case, the State filed notice of its intent to seek an enhanced penalty on February 1, 1988, the day before jury selection began.
The defense theory of the case was that the victim pulled a gun on the defendant and she was subsequently shot in a struggle for the gun. There was never any doubt that a gun was used in the commission of this offense. The only issue was whether or not the shooting occurred as a murder, manslaughter, or in self-defense. Accordingly, due to the facts of this case, a more advanced notice of the State's intention to seek enhancement under former Article 893.1 was not required. Therefore, the trial court acted properly in enhancing the defendant's sentence pursuant to former Article 893.1.
Defendant also contends that to impose the maximum sentence of twenty-one years and to make the imposition of that sentence without benefit of probation, parole or suspension of sentence is illegal and excessive. This court has previously held that while La.C.Cr.P. art. 893.1 calls for a sentence of not less than five years without benefit of parole, probation or suspension when the offender has used a firearm in the commission of a felony that carries a possible maximum sentence of five or more years, this in no way implies that a sentence of more than five years without these benefits is prohibited. State v. McKnight, 446 So.2d 915 (La.App. 1st Cir.1984). However, the Louisiana Supreme Court has subsequently questioned whether or not the denial of parole eligibility should be extended to an entire sentence imposed under former Article 893.1[3] or should be limited to the first five years of such a sentence. See State v. Allen, 496 So.2d 301 (La.1986). See also State v. Collatt, 497 So.2d 1001 (La.1986), cert. denied, 480 U.S. 937, 107 S.Ct. 1583, 94 L.Ed.2d 773 (1987). In several recent cases, the Louisiana Supreme Court has reversed sentences imposed under former Article 893.1 to reduce the term to be served without benefit of probation, parole or suspension of sentence to five years.[4]See State v. Brown, 550 So.2d 622 (La.1989); State v. Taylor, 551 So.2d 1332 (La.1989). The action of the supreme court in these cases indicates that a sentence under former Article 893.1 cannot be imposed without possibility of probation or parole for more than five years. Insofar as State v. McKnight reaches a contrary result, it has been impliedly overruled. Therefore, defendant's sentence is amended to twenty-one years at hard labor, to be served without benefit of probation, parole or suspension of sentence for five years.
Finally, defendant argues that the trial court erred in imposing an excessive sentence. The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Chaisson, 507 So.2d 248 (La.App. 1st Cir.1987). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. *459 State v. Sepulvado, 367 So.2d 762 (La. 1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Louis, 496 So.2d 563 (La.App. 1st Cir.1986).
Before imposing sentence, the trial court noted that it had reviewed the presentence investigation report. This report indicated that the instant conviction was defendant's first felony conviction. However, the trial court noted that the defendant had committed a serious crime and found little likelihood of defendant's rehabilitation. Although the trial court considered the defendant's testimony at the sentencing hearing, as well as the defendant's age, health, and family relationships, it concluded that there were no mitigating factors present. The trial court specifically stated that the defendant's imprisonment would not entail excessive hardship to anyone. Finally, the trial court concluded that the defendant is in need of correctional treatment and stated that any lesser sentence would deprecate the seriousness of the offense.
In the instant case, the defendant received the maximum sentence of twenty-one years at hard labor, without benefit of parole, probation, or suspension of sentence. See former Article 893.1 and La. R.S. 14:31. This Court has stated that the maximum sentence may be imposed only in cases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910 (La.App. 1st Cir.1983). Reviewing the facts of the instant offense, and accepting the obvious credibility determination made by the jury, the trial court found that, during an argument, the defendant produced a gun from his jacket pocket and shot the victim in the face at point blank range. The trial court stated that the defendant has shown little or no remorse for the commission of this offense. Considering the reasons for sentencing given by the trial court, and the circumstances of this offense, we conclude that the instant sentence is not excessive.
For the above reasons, this assignment of error is meritless.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
NOTES
[1] Normally, a motion for new trial on the basis that the ends of justice would be served thereby presents nothing for this Court to review. State v. Walder, 504 So.2d 991 (La.App. 1st Cir.), writ denied, 506 So.2d 1223 (La.1987). We address the issue solely due to the defendant's contention that he was prejudiced by the trial court's denial of a continuance of the hearing on the motion for post-verdict judgment of acquittal or, in the alternative, a new trial.
[2] Former La.C.Cr.P. art. 893.1 was amended by Act 319, § 1 of 1988 and now provides more comprehensive provisions for enhancement of felony sentences when firearms are used in the commission of the offense. See La.C.Cr.P. arts. 893.1-893.4.
[3] We note that under the current provisions of Article 893.3 C, which became effective on September 9, 1988, the maximum period of time for denial of parole eligibility is five years. This article took effect less than three months after the defendant was sentenced.
[4] In both State v. Brown and State v. Taylor, the defendants were sentenced under the former Article 893.1, as well as, former La.R.S. 14:95.2 (repealed by Act 319, § 2 of 1988); therefore, defendants' sentences were enhanced by five years under Article 893.1 and by two years under 14:95.2. Thus, the supreme court, in its opinions, refers to the seven year total sentence.