EDWARDS, Judge.
Defendant, Mary Riley, was charged by grand jury indictment with second degree murder, a violation of La.R.S. 14:30.1. She pled not guilty and, after trial by jury, was found guilty as charged. Defendant received a sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. She now has taken an out-of-time appeal, designating nine assignments of error, as follows:
1. The state erred in the failure of its primary witness, the victim’s husband, to identify the defendant.
2. It was error for the district attorney to comment to witnesses on the record and before the jury concerning the sequestration order of the court.
3. It was error for the trial court to allow into evidence photographs and other tangible evidence the presence of *242 which had not been previously revealed to defendant in discovery. •
4. The state failed to advise the defendant of its intent to offer tangible evidence at trial and it was error to allow its admission.
5. It was misconduct by the state to force objection upon defense when same were never raised or urged. It resulted in subsequent error by the state when a statement of defendant was introduced which alluded to prior criminal activity.
6. It was misconduct by the state to introduce the statement of the defendant obtained pursuant to a rights form which lead the defendant to believe she was being charged with manslaughter. The introduction of that statement at trial constituted patent error.
7. The trial court erred in charging the jury that, “You may presume that the defendant intended the natural and probable consequences of her acts.”
8. The trial court erred in charging the jury twice that defendant, Mary Riley, was charged with second degree murder.
' 9. The trial court erred in charging the jury in connection with the homicide committed while defendant is “engaged in the perpetration or attempted perpetration of any felony not enumerated in Article 30 or 30.1 or any intentional misdemeanor directly affecting the person.” The charge had nothing to do with the facts of the case.
Assignments of error numbers one and two were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.[1]
FACTS
At approximately 5 p.m. on June 13, 1985, defendant and Lottie Baham, the victim, had an argument outside of the mobile home defendant rented from the victim. During this argument, Mrs. Baham stated that she intended to evict defendant. According to defendant’s testimony, Mrs. Ba-ham accused defendant of sneaking around with the victim’s husband. When the victim returned to her house, which was located a short distance from the trailer, defendant followed shortly thereafter to further discuss the situation. Defendant was seen by Rhonda Newman, the victim’s step-granddaughter, talking with the victim at the front door of the house. A few minutes later, Ms. Newman saw defendant walking around the side of the victim’s house. When the defendant saw Ms. Newman, defendant put her hand behind her back; there was blood on her hand.
Defendant then walked a short distance to the trailer of Gloria Foret, the victim’s stepdaughter, and told Ms. Foret to call the police. When Ms. Foret asked why, defendant replied that she had stabbed Ms. For-et’s mother. Ms. Foret dialed the number for the police and handed the phone to defendant, who told the dispatcher that “she had just killed a lady.”
Detective Mike Sticker of the Tangipahoa Parish Sheriff’s Office was one of the first officers to arrive on the scene. As he was walking out of the victim’s house after examining the body, defendant approached him and said, “I am Mary Riley, I stabbed Mrs. Baham.” Detective Sticker testified that he immediately stopped defendant and advised her of her Miranda rights. Defendant was then arrested and transported to the sheriff’s office where, at approximately 8 p.m., and after again being advised of her rights, she gave a taped statement to the police in which she admitted stabbing the victim during an argument.
At trial, Dr. Joseph Guileyardo, who performed the autopsy, testified that the victim had four stab wounds; two in the front and two in the back. One of the wounds in the back was determined to be the cause of death.
*243 ASSIGNMENTS OF ERROR NOS. THREE AND FOUR
In these assignments of error (designated in brief as issue one), defendant contends that the trial court erred in allowing certain state exhibits to be admitted into evidence in view of the state’s failure to furnish defendant with a list of these exhibits in accordance with defendant’s discovery request. Specifically, defendant’s argument is directed toward the introduction of state exhibit 1, autopsy diagrams; state exhibits 2, 5 and 6, blood samples and : slated records; state exhibit 8, a fork; and state exhibit 9, a knife which is the alleged murder weapon. The photographs noted in the assignment of error were ruled inad-missable by the court.
In item number eight of her discovery motion, defendant requested that the state provide a:
copy of or written list of and authorizing or (permitting) defendant to inspect, copy, examine, test scientifically, photograph or reproduce any and all books, papers, documents, photographs, tangible objects, buildings, places, or copies, or portions thereof, which are in, or which hereafter come into the possession, custody or control of the state and which:
a. Are favorable to the defendant and which are material and relevant to the issues of guilt or punishment, or;
b. Are intended for use by the State as evidence at the trial, or;
c. Were obtained from, or belong to the defendant.
Without furnishing the requested list, the state responded that the defense could “examine, inspect, copy, ... [the items requested] upon requesting [a] specific time and place mutually convenient to both defense and State.”
Even if the state failed to fully comply with discovery rules because it did not supply the defendant with a list of the specific items of evidence to be used at trial, that action does not constitute reversible error unless actual prejudice to the defendant resulted. State v. Thomas, 504 So.2d 907, 914 (La.App. 1st Cir.), writ denied, 507 So.2d 225 (La.1987). Although the state in this case did not provide the requested list, defendant has not alleged any specific prejudice suffered as a result of this failure, but merely makes a general allegation that she was denied an opportunity to prepare a proper defense relative to the items introduced.
The defendant’s version of events is that the victim attacked her with a knife, which she took away and then used to stab the victim. She does not allege that there was a particular test or method to be performed on the exhibits which could have proved her innocence or disproved the state’s theory of the case. Furthermore, defendant was aware, or should have been aware, through the lab reports, which were provided by the state to the defendant, of the existence of the knife, fork, and blood samples in the state’s possession, and defendant had been notified that she could examine and inspect any tangible items upon requesting a specific time and place. Additionally, the autopsy diagrams introduced by the state, which were alsp furnished to defendant, were merely cumulative of the trial testimony of Dr. Guileyardo. See State v. Busby, 464 So.2d 262, 264-265 (La.), cert. denied, 474 U.S. 873, 106 S.Ct. 196, 88 L.Ed.2d 165 (1985). Accordingly, defendant clearly was neither surprised nor prejudiced by the state’s failure to comply with defendant’s request for a list of tangible evidence the state intended to introduce. See State v. Bacon, 578 So.2d 175, 178 (La.App. 1st Cir.1991); State v. King, 563 So.2d 449, 454-455 (La.App. 1st Cir.), writ denied, 567 So.2d 610 (La.1990).
These assignments of error lack merit.
ASSIGNMENT OF ERROR NO. FIVE
In this assignment of error (designated in brief as issue three), defendant argues it was error for the state not to strike references to her prior criminal record which she made in her taped confession. Defendant contends she was prejudiced as a result of these references, which she maintains obliged her to take the stand to address the issue of her prior criminal record. During her testimony, defendant *244 admitted that she had a prior manslaughter conviction.
We note that defendant did not object to the introduction of the taped statement on the basis of the alleged references to her prior criminal record,[2] nor did she move for a mistrial on this basis. In order to complain on appeal of the failure to strike such references, a defendant must make a contemporaneous objection pointing out the specific error to which he objects. La. C.Cr.P. art. 841; State v. Daughtery, 563 So.2d 1171, 1178 (La.App. 1st Cir.), writ denied, 569 So.2d 980 (La.1990). The grounds for the objection must be specifically presented to the trial court to allow it the opportunity to make the proper ruling and prevent the error. Because defendant failed to make a specific objection at trial concerning the portion of her taped statement allegedly containing references to her prior criminal record, any error in failing to strike those references is deemed waived. See Daughtery, 563 So.2d at 1178; also see State v. Rochon, 393 So.2d 1224, 1232 (La.1981).
Moreover, our review of the record does not reveal any inadmissible references to defendant’s prior criminal record. In brief, defendant does not specifically designate the alleged other crime references in her statement, but merely refers the court to two portions of the statement where she makes references to when she was at “St. G’s.” Neither in the taped statement, nor in brief, does defendant explain the meaning of this reference. While we could speculate that “St. G's” may refer to St. Gabriel prison, we do not believe that such a vague, ambiguous remark constitutes an improper reference to defendant’s prior criminal record.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. SIX
In this assignment of error (designated in brief as issue two), defendant contends that the taped statement she gave to the police should not have been admitted into evidence because, although she was later indicted and convicted of second degree murder, the rights form she signed immediately prior to giving her statement indicated she was charged with manslaughter.
Defendant contends she would not have given a statement so freely, without advice of counsel, if she had known she would be charged with second degree murder, rather than manslaughter. It is defendant’s position that the fact that the rights form stated that she had been charged with manslaughter was an improper inducement for her taped statement.
It is well settled that for a confession or inculpatory statement to be admissible, the state bears the affirmative burden of establishing that it was freely and voluntarily given without influence of fear, duress, intimidation, menace, threats, inducements or promises. La.R.S. 15:451; State v. King, 563 So.2d at 453. Confessions or inculpatory statements are inadmissible if obtained by any direct or implied promises, however slight, or by the exertion of any improper influence. State v. Lee, 577 So.2d 134, 143 (La.App. 1st Cir.), writ denied, 580 So.2d 667 (La.1991).
The police are required under La. Const. Art. 1, § 13, and La.C.Cr.P. art. 218.1 to inform an arrestee of the reason for his arrest. The issue in this case is whether the fact that the police informed defendant that she was charged with manslaughter was an inducement which made her statement involuntary, in light of the fact that the grand jury later indicted her for second degree murder.
State v. Mack, 435 So.2d 557 (La.App. 1st Cir.), writ denied, 440 So.2d 727 (La.1983), is a case involving a similar situation in which the defendant was arrested for manslaughter, but was later indicted and con *245 victed of second degree murder. This court held that the fact that the defendant was told he was arrested for manslaughter, as well as being advised of the maximum penalty for that offense, did not constitute an inducement which rendered his confession involuntary, stating that:
Because the officers were acting on the assumption that defendant would be formally charged with manslaughter, the statement’s voluntariness cannot now be questioned simply because the grand jury indicted the defendant on second degree murder charges. The fact that the grand jury decided to charge defendant with second degree murder does not change the voluntariness of his statement. State v. Mack, 435 So.2d at 562.
In the present case, the record establishes that defendant was informed of her Miranda rights three times and voluntarily signed a waiver of rights form indicating that she had been fully advised of, and understood, her rights prior to giving the taped statement. The argument that she was induced to give the statement because she was informed that she had been arrested for manslaughter is not supported by the record. To the contrary, the circumstances as a whole, including the fact that defendant made a completely unsolicited inculpatory statement to Detective Sticker immediately upon seeing him, establish that she voluntarily and freely chose to give the statement in question and was not induced to do so by the charge listed on the rights form.
This assignment of error is without merit.
ASSIGNMENTS OF ERROR NOS. SEVEN, EIGHT AND NINE
In these assignments of error (designated in brief as issues four, five and six), defendant argues that the trial court committed several errors in instructing the jury. In assignment of error seven, defendant asserts that the trial court’s instruction that the jury “may presume that the defendant intended the natural and probable consequences of her acts,” constituted an improper comment on the evidence by the trial judge. In assignment of error eight, defendant complains that the trial judge placed prejudicial emphasis on the charge against defendant by stating twice that defendant was charged with second degree murder. In assignment of error nine, she objects to the fact that, in charging the jury as to the responsive verdict of manslaughter, the trial court gave an instruction that manslaughter included a homicide committed without intent to kill when the offender is engaged in the perpetration or attempted perpetration of a felony. She argues that this instruction was confusing and prejudicial since she was obviously not involved in the perpetration of any other felony at the time of the killing.
At trial, defendant did not object to the allegedly erroneous jury charges. Since jury instructions are not patent error, a defendant may not complain on appeal of allegedly erroneous jury charges absent a contemporaneous objection. La.C.Cr.P. arts. 801, 841; State v. Bacon, 578 So.2d 175, 179 (La.App. 1st Cir.1991).
In any case, defendant’s arguments are meritless. In analyzing alleged errors in jury instructions, caution must be taken against taking certain phrases out of the context of the jury charge as a whole. State v. West, 568 So.2d 1019, 1023 (La.1990). The applicable test is whether, taking the instructions as a whole, reasonable persons of ordinary intelligence would understand the charge. West, 568 So.2d at 1023. In the instant case, considering the jury instructions as a whole, we do not find that the trial court placed undue emphasis on any particular facts or caused confusion to the jury by giving the instructions complained of by defendant.
Nor do we find any merit to defendant's contention that the trial court’s instruction that the jury “may presume” that defendant intended the natural and probable consequences of her acts was an improper comment on the facts by the trial court. In giving this charge, the court did not recapitulate the evidence, repeat the testimony of any witness, or offer any opinion as to what facts, if any, had been proven. Therefore, this instruction did not *246 constitute a comment on the facts in violation of La.C.Cr.P. arts. 772 and 806. See State v. Hosford, 572 So.2d 242, 246 (La.App. 1st Cir.1990), writ denied, 576 So.2d 27 (La.1991).
These assignments of error lack merit.
PATENT SENTENCING ERROR
We have discovered a potential patent sentencing error. The record before us, which does not include a sentencing transcript, does not reflect that the trial court gave defendant credit for time served at the time it imposed sentence. See La. C.Cr.P. art., 880. Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Accordingly, we find patent sentencing error and amend the sentence to reflect that defendant is to be given credit for time served prior to the execution of her sentence. See La.C.Cr.P. art. 882A. Resen-tencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that defendant is given credit for time served.
For the reasons assigned, defendant’s conviction and sentence are affirmed, as amended.
CONVICTION AND SENTENCE AMENDED, AND AS AMENDED, AFFIRMED; REMANDED WITH ORDER.

. Additionally, defendant argues in brief that the evidence was insufficient to sustain a verdict of second degree murder. However, this argument was not assigned as error by defendant in accordance with La.C.Cr.P. art. 844. It is well settled that this court will not consider arguments which are neither assigned as error nor related to errors patent on the face of the record. See La.C.Cr.P. art. 920; State v. Spears, 350 So.2d 603, 605 n. 1 (La.1977); State v. Overton, 337 So.2d 1201, 1207 (La.1976).

. The record indicates that, when defendant’s taped statement (state exhibit 4) was introduced, defense counsel merely requested that the court note his previous objection, without specifying the grounds of this objection. However, our examination of the record does not reveal that a previous objection to the introduction of this statement was made by defense counsel.